**In re Bridget Marie LEON, Debtor.**

**No. RS 04–17054 MJ.**

United States Bankruptcy Court, C.D. California.

Oct. 21, 2004.

Bridget Marie Leon, Rancho Cucamonga, CA, pro se.

Jeffrey I. Golden, Costa Mesa, CA, trustee.

MEMORANDUM OF DECISION RE MOTION UNDER 11 U.S.C. § 110 FOR FINES AND/OR DISGORGEMENT OF FEES AND FOR INJUNCTIVE RELIEF AGAINST BANKRUPTCY PETITION PREPARER LILLIAN HOUSTON d.b.a. WE THE PEOPLE

MEREDITH A. JURY, Bankruptcy Judge.

The motion of the United States Trustee under 11 U.S.C. § 110 for fines and/or disgorgement of fees and for injunctive relief against petition preparer Lillian Houston, d.b.a. We The People, came on regularly for hearing on September 7, 2004 in courtroom 302 of the above entitled court, the Honorable Meredith A, Jury presiding. The United States Trustee appeared by Elizabeth A. Lossing, trial attorney, and Richard Lubetzky appeared on behalf of respondent Lillian Houston. The matter was argued by counsel and taken under submission for decision. Accordingly, this court issues its Memorandum of Decision:

The U.S. Trustee in this motion sought fines and/or disgorgement against petition preparer Lillian Houston based on two separate arguments: (1) that Houston collected the filing fee from the debtor in connection with the filing of a bankruptcy petition in violation of the 11 U.S.C. § 110(g); and (2) that Houston engaged in the unauthorized practice for law by ex-

plaining the difference between chapter 7 and 13 to the debtor and by explaining exemptions to the debtor. The evidence supporting the U.S. Trustee's motion was primarily the Declaration for Debtors Without an Attorney, which debtor Bridget Leon had filled out and signed at the 341(a) hearing on July 15, 2004. On this form, Leon had checked the box that she had paid the bankruptcy filing fee to the bankruptcy petition preparer in cash and had checked the boxes that the person who assisted her had explained what an exemption was and had explained the difference between a chapter 7 and chapter 13.

The opposition papers filed by Houston consisted of two documents, a declaration of debtor Bridget Marie Leon and a declaration of Lillian Houston. The declaration of Leon stated that she had filled out the Declaration for Debtors Without an Attorney incorrectly, that she had paid the filing fee directly to the court herself and that Houston had not explained anything about the bankruptcy procedure, but instead had given her a free publication about bankruptcy, written by an attorney for We The People. The declaration of Houston reiterated the facts in Leon's declaration, stating that the debtor paid the filing fee directly to the court and that rather than advising the debtor orally on any issue of law she had given her a publication written by an attorney for We The People.

At the hearing on September 7 the United States Trustee did not contest the facts set forth in the declarations of Leon and Houston. The Court, therefore, takes those declarations as a true representation of the facts: the debtor paid the filing fee herself directly to the court and Houston did not orally advise Leon about the difference between chapter 7 and chapter 13

and did not advise her regarding exemptions, but rather gave her a publication about bankruptcy prepared by We The People. The sole issue argued by counsel and left for decision by this court was whether Houston's handing the We The People publication to Leon was practicing law without a license or giving legal advise. At the court's request, Mr. Lubetzky provided the court with a copy of a document entitled: "Bankruptcy Overview Chapter 7 and Chapter 13 California", purportedly the document handed to debtor Leon.[1]

The court has reviewed the Overview as well as a number of published decisions from bankruptcy trial courts around the country referencing either the activities of We The People or the question of whether providing documents by a petition preparer to a debtor is practicing law without a license. In this regard, the court has reviewed the following bankruptcy court decisions: *In re Boettcher*, 262 B.R. 94 (Bankr.N.D.Ca.2001), where the court found that a petition preparer who selected a document form prepared by an attorney for We The People, Inc. was practicing law without a license; *In re Moore*, 283 B.R. 852(Bankr.E.D.N.C.2002), where the court found that We The People, Inc. was the petition preparer and the preparer handing out the Overview was a deceptive and unfair practice; *In re Doser*, 281 B.R. 292 (Bankr.D.Idaho 2002), where the court found that distribution of the Overview was the unauthorized practice of law and the bankruptcy petition preparer engaged in deceptive and unfair practice by suggesting her attorney-reviewed forms had special value; *In re Agyekum*, 225 B.R. 695 (9th Cir. BAP 1998), where the 9th Circuit B.A.P. found a bankruptcy petition preparer could not charge extra for a bankruptcy guideline publication; *In re*

---

**1.** The Court accepts the representation that the Overview was the publication handed to

debtor. It is similar to the same-entitled document discussed in the cases cited below.

*Bush,* 275 B.R. 69 (Bankr.D.Idaho 2002), where the court found that providing clients with a list of available exemptions was the unauthorized practice of law; *In re Evans,* 153 B.R. 960 (Bankr.E.D.Pa. 1993), where the court found that We–The–People–supported services provided by the bankruptcy petition preparer had little value; and *In re Graham,* 2004 WL 1052963 (Bankr.M.D.N.C.), where the court found that We the People, Inc. needed to be disclosed as a bankruptcy petition preparer and that handing out the Overview and suggesting a client could consult with a We The People attorney were deceptive practices. Although interesting reading, none of these cases provided applicable authority to this court, since those which found that handing a publication to the debtor was the unauthorized practice of law were in states other than California. Also, the issue raised in many of these decisions, regarding the advertised availability of We The People's attorney for consultation to the debtors and found by many courts to be deceptive or unfair conduct, were not raised in the case before this court. Additionally, the question of whether the franchisor, We The People Forms and Service Centers, Inc., was actually the petition preparer—apparently the forms were not typed by the local franchisee but rather were prepared at a corporate location (per Ms Lossing's offer of proof in this case, in Santa Barbara)—is also not before this court for determination. Future motions of the United States Trustee might address these practices of the franchisor, but they are not addressed in this decision.

Based on the slim record of this case and California law, the court finds that Houston handing the Overview to Leon did not constitute a violation of section 110 for practicing law without a license. The California case *The People v. Landlords Pro-*

*fessional Services,* 215 Cal.App.3d 1599, 264 Cal.Rptr. 548 (1989) states:

"We believe general California law and the approach taken by other states with respect to the divorces services teach that such services do not amount to the practice of law as long as the service provided by the LPS was merely clerical, i.e., the service did not engage in the practice of law if it made forms available for the client's use, filled the forms in at the specific direction of the client and filed and served those forms as directed by the client. Likewise, merely giving a client a manual, even a detailed one containing specific advice, for the preparation of an unlawful detainer action and the legal incidents of an eviction would not be the practice of law if the service did not personally advise the client with regard to his specific case." 215 Cal.App.3d at 1608, 264 Cal. Rptr. 548

There is no evidence in the present case that Houston gave any specific advice to Leon or pointed out any particular parts of the Overview in response to any questions by Leon. After reviewing the document, the court wonders how Leon could have known from the document, without explanation, how to claim her exemptions, but there is no evidence that such explanation was given. Although the Overview does give specific advice about the bankruptcy process, *People v. Landlords Professional Services* says that a document containing even specific advice is not practicing law without a license.

The court is aware, and Ms. Lossing argued at the hearing, that former United States Trustee Maureen Tighe had not objected to bankruptcy petition preparers in the Central District of California handing to their clients documents pertaining to bankruptcy prepared either by the court or the U.S. Trustee's Office. The court does not see a distinction (except in quali-

**134**

ty) between We The People's Overview and these otherwise unobjectionable documents.

Based on the forgoing, the United States Trustee's Motion for Fines and/or Disgorgement Under 11 U.S.C. § 110 against Houston is denied. The court will issue a separate order to this effect.

## ORDER DENYING MOTION FOR FINES AND/OR DISGORGEMENT AGAINST BANKRUPTCY PETITION PREPARER LILLIAN HOUSTON

The United States Trustee's Motion under 11 U.S.C. § 110 for Fines and/or Disgorgement of Fees and for Injunctive Relief Against Bankruptcy Petition Preparer Lillian Houston, d.b.a. We the People, came on regularly for hearing on September 7, 2004 in courtroom 302 of the above entitled court, the Honorable Meredith A. Jury presiding. The United States Trustee appeared through Elizabeth A. Lossing, trial attorney and attorney Richard Lubetzky appeared on behalf of respondent Lillian Houston. The court, having heard argument of counsel, submitted the matter for decision, and issued its Memorandum of Decision, and makes the following order:

IT IS ORDERED that the motion of the United States Trustee for Fines and/or Disgorgement of Fees and/or Injunctive Relief Against Bankruptcy Preparer Lillian Houston, d.b.a. We the People, is denied.