[No. G000525. Fourth Dist., Div. Three. Feb. 27, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
LANDLORDS PROFESSIONAL SERVICES, INC.,
Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Certified for partial publication. Parts III and IV do not meet the standards for publication and are not to be published. (Cal. Rules of Court, rule 976.)

COUNSEL

Barry A. Bisson and W. Dozorsky for Defendant and Appellant.

Cecil Hicks, District Attorney, David L. Himelson and Theodore A. Johnson, Deputy District Attorneys, for Plaintiff and Respondent.

OPINION

**CROSBY, J.**—The superior court granted a preliminary injunction enjoining several tenant eviction firms from engaging in certain practices alleged to constitute the unauthorized practice of law. Because the court refused to issue a statement of decision and because it was not legally required, we must defer to the substantial evidence rule and affirm.

I

Defendant Landlords Professional Services, Inc. (LPS) describes its business as follows: "[We provide] landlords with low cost aid in the simple tasks of filling out Judicial Counsel [*sic*] forms for unlawful detainers, the filing of those forms with the court and service of process to the tenants." The district attorney concedes, "the mere furnishing of forms does not consitute [*sic*] the practice of law and were that the extent of [LPS'] service there would be no difficulty." But, he argues, LPS does more: "[The firm] conducts interviews with its clients, elicits information during the interview, selects and prepares appropriate forms from the information elicited during the interview." Moreover, according to evidence presented below, the service counsels clients concerning the judicial process of eviction and includes its own address and telephone number on the forms filed with the court and served on the tenants, although the landlord employing its services is identified as acting in propria persona.

The district attorney filed a complaint for injunctive relief and civil penalties against LPS and several other tenant eviction firms, alleging they engaged in the unauthorized practice of law (Bus. & Prof. Code, §§ 6125, 6126). After an evidentiary hearing lasting several days, the court determined a preliminary injunction was appropriate. Counsel for all parties stipulated to its terms "[w]ithout prejudice to defendants defending this action at trial."[1]

## II

■ LPS first complains of the court's refusal to issue a statement of decision explaining the factual and legal basis for its ruling. Code of Civil Procedure section 632 provides, "upon the trial of a question of fact by the court . . . [and] the request of any party appearing at the trial . . . the court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues . . . ." ■ The primary purpose of a statement of decision is to facilitate appellate review. (*Weber* v. *Kessler* (1981) 126 Cal.App.3d 1033, 1037 [179 Cal.Rptr. 299].) ■ Nevertheless, the superior court determined the evidentiary hearing was not a "trial" within the meaning of the section and denied the request. We reluctantly agree.

Although it is apparently not the case here, the ruling on a preliminary injunction is often the equivalent of a final judgment. By the time of trial on the permanent injunction, the threatened harm will have long passed or the defendant's business will have been permanently destroyed. That is, presumably, the reason an order granting or denying a preliminary injunc-

---

[1]The injunction reads, "All counsel met with the Court in chambers on August 23, 1983. Without prejudice to defendants defending this action at trial, counsel stipulate that [the] original Preliminary Injunction issued by the Court may be modified as follows: [¶] IT IS ORDERED that during pendency of this action or until futher [*sic*] order of the Court, defendants, and each of them, their agents, officers, employees, and representatives, and all persons acting in concert or participating with them, are hereby enjoined from engaging in or performing any and all of the following: [¶] 1. The preparation, other than at the specific and detailed direction of a person in propria persona or under the direct supervision of an attorney, of written instruments relating to evictions such as: three day notices, summons and complaints, at issue memoranda, judgments, writs of execution or other legal documents relating to eviction. [¶] 2. Explaining orally or in writing, except under the direct supervision of an attorney, to individual clients: (A) the effect of any rule of law or court; (B) advising such persons as to the requirements for commencing or maintaining a proceeding in the Courts of this state; or (C) advising or explaining to such clients the forms which are legally required or how to complete such forms. [¶] 3. Holding themselves out or allowing themselves to be held out to newspapers, magazines, or other advertising, or representing themselves as being able to provide, except through an attorney, any of the following: legal advice, the preparation of legal documents (other than as a secretarial service), or any explanation or any rules of law or court in relation to evictions or as being qualified to do any of the above activities. [¶] 4. Practicing law in any form or holding themselves out as having the right to practice law in any form."

tion, although interim, is appealable. But without a statement of decision in such cases, the appeal insofar as it seeks to question the sufficiency of the evidence presented to the trial court, becomes a stilted, crabbed little creature sheltered from review by the substantial evidence rule.

In this case, the superior court heard several days of testimony before issuing the preliminary injunction. It presumably weighed the credibility of witnesses, made factual findings on disputed evidence concerning the nature of the businesses in question, and reached conclusions as to the legal effect of their conduct. Now LPS, as the party aggrieved by the issuance of a preliminary injunction, has exercised its right to seek appellate review of the ruling.

But we do not know how the trial court resolved credibility questions or what its factual findings and legal conclusions were. For example, did the court agree LPS only completed Judicial Council forms for its clients and simply determine that conduct amounted to the unauthorized practice of law? Did the court find that LPS' nonattorney counselors were actually prosecuting unlawful detainer actions on behalf of landlords? Or did the court determine LPS' conduct fell somewhere between the two extremes, e.g., counseling and coaching of clients concerning the appropriate legal process of eviction? We have no way of knowing on this record; any of these or other conclusions may be found within the range of the evidence before the court. In short, we have little basis upon which to conduct a meaningful review of the order under attack.

Were we writing on a clean slate, we might be inclined to reverse for the failure to provide a statement of decision. Although the trial court is hardly in need of additional burdens, in the usual case the statement of decision need be no more than a brief oral statement of reasons from the bench.

We are not the first appellate court to address the question, however. The defendant in *People* v. *Mobile Magic Sales, Inc.* (1979) 96 Cal.App.3d 1 [157 Cal.Rptr. 749] appealed from the granting of a preliminary injunction. Division One of this court reaffirmed the substantial evidence standard of review and, in dicta, wrote: "While no findings of fact were made by the trial court until after it had lost jurisdiction, findings were not required before entry of the preliminary injunction. (Code Civ. Proc., § 632; *Taliaferro* v. *Hoogs* [1965] 236 Cal.App.2d 521, 530 [46 Cal.Rptr. 147].) Our search is not for findings but rather for substantial evidence to support the exercise of discretion here made. [Citation.]" (*Id.,* at p. 12, fn. 4.) This seemingly tautological language is curious: The question presented was whether findings of fact were required *after* the preliminary injunction was entered. Moreover, the court's cited authority, *Taliaferro,* deals with the

unavailability of findings of fact and conclusions of law for orders made upon motion, not preliminary injunctions.

*Mobile Magic* was recently cited with approval in *Lavine v. Hospital of the Good Samaritan* (1985) 169 Cal.App.3d 1019 [215 Cal.Rptr. 708], albeit again in dicta. Lavine appealed from the denial of her application for a preliminary injunction. Her request for a statement of decision from the trial court was untimely. The Second District noted that fatal defect and added, "But an even more fundamental reason why the refusal of a statement of decision must be affirmed is that such a statement, as was true of findings of fact under the former version of Code of Civil Procedure section 632, is neither required nor available upon decision of a motion, including one for preliminary injunction. [Citations.]" (*Id.,* at p. 1026.) Thus, the authority upholding the trial court's position amounts to this: dicta and a dearth of contrary law.

In our view, the better practice would be to require a statement of decision, if timely requested, whenever the court grants or denies an application for a preliminary injunction, particularly where, as here, the hearing includes the presentation of oral testimony and is a trial in all but name. Moreover, the hearing of an application for preliminary injunction, even on declarations, carries more indicia of a trial than the hearing of a mere motion. Nevertheless, section 632 speaks only in terms of "trial"; and we have discovered no case which defines a hearing on a preliminary injunction, live testimony or not, as a trial. And *Mobile Magic* and *Lavine* do specifically reject the notion, if only in dicta.

The absence of a statement of decision precludes effective review of the major issue raised in this appeal. Nevertheless, we reluctantly conclude the court was not *required* to issue one. In view of the practical finality which accompanies many preliminary injunctions, the Legislature might well wish to consider repairing this seemingly anomalous loophole in the law. Substantial evidence supports the preliminary injunction, and we must affirm. (*People v. Mobile Magic Sales, Inc., supra,* 96 Cal.App.3d 1, 5-6, fn. 1.)

III-IV*

. . . . . . . . . . . . . . . . . . . . . . . .

Judgment affirmed.

Trotter, P. J., concurred.

---

*See footnote, *ante,* page 68.

WALLIN, J.—I concur in all of the majority opinion, except those portions of part II which suggest that the Legislature ought to require the preparation of a statement of decision by a trial judge following a hearing on a preliminary injunction. I do not believe a statement is appropriate, advisable or necessary to appellate review of preliminary injunction rulings. No final decisions are made on any factual or legal issues when the court merely considers whether to maintain the status quo pending trial.

There is an alarming tendency in the law and recent cases to require greater specificity from trial courts in routine rulings. The Legislature and those of us serving on appellate courts must not forget that trial courts exist primarily to hear and expeditiously resolve disputes. They do not have the time or the facilities to prepare opinions, especially in pretrial proceedings. I do not favor adding yet another opinion writing requirement to already overburdened law and motion judges.

Requiring a statement of decision may also delay appellate review of injunction matters when review is urgently pressed by either party. The preparation of a statement requires more than two months in order to give all parties an opportunity to prepare proposed statements and present objections. (Code Civ. Proc., § 632; Cal. Rules of Court, rule 232.) During that time appellate review of the granting or denying of injunctive relief could be frustrated. In addition, the law and motion judge will have considered hundreds of additional cases and could not possibly be expected to clearly recollect the fine points of the earlier hearing. In any event, the time and expense involved in the preparation of a statement should be saved for the trial.

Finally, preliminary injunction decisions, unlike many other pretrial orders, are easily reviewed by an examination of the terms of the injunction as requested or granted. Appellate courts can adequately review trial court determinations merely by comparing the evidence presented to the order obtained. In complicated injunction proceedings the order is often several pages long. The terms of the order adequately present, for purposes of review, the trial court's decision on various contested issues.

I would affirm the trial court without suggesting the imposition of yet another burden for trial judges and expense in money and time for litigants.

Appellant's petition for review by the Supreme Court was denied May 7, 1986.