**In re Mark Albert BOETTCHER, Jr., Debtor.**

No. 01–10004.

United States Bankruptcy Court, N.D. California.

April 2, 2001.

Reginald R. Hindley, Law Offices of Reginald R. Hindley, Santa Rosa, CA for debtor.

Richard Lubetzky, Law Offices of Richard Lubetzky, Los Angeles, CA, for interested party.

Ray H. Olmstead, Law Offices of Ray H. Olmstead, Santa Rosa, CA, for trustee.

### Memorandum After Hearing on Order to Show Cause

ALAN JAROSLOVSKY, Bankruptcy Judge.

I. Background

On January 25, 2001, debtor Mark Boettcher, representing himself, filed a motion seeking dismissal of his Chapter 7 case. The motion was completely botched procedurally. Among other things, it was not noticed on the U.S. Trustee in violation of FRBP 9034, erroneously identified the case trustee as the U.S. Trustee, was not served using court mailing labels as required by Local Rule 2002–1(c), and made reference to an old local rule of the Central District of California.

Although a procedural mess, the motion did not appear as a typical *pro per* filing. The court noticed that the proof of service was signed by one Terry Mohr, who was the petition preparer who prepared Boettcher's petition and schedules. Sus-

pecting that she was exceeding the permissible scope of activity for a non-lawyer, and harming Boettcher in the process, the court ordered her to appear and explain her conduct.

In response, Mohr filed a detailed declaration admitting that she prepared the motion, as well as a separate motion for a continuance, but took the position that her actions did not constitute the unauthorized practice of law. She explained that she was an independent franchisee of an organization known as We the People Forms and Service Centers USA, Inc. When Boettcher informed her that he wanted to try to dismiss his Chapter 7 case, she contacted the franchisor and was told that one of its "supervising attorneys" had prepared a form of motion "for use in just such a case." She argues that she did not draft the motion but only filled in blanks, and therefore was not practicing law. She also argues that she did not violate § 110(b) of the Bankruptcy Code by failing to identify herself as the preparer of the motion, and § 110(c) by failure to place her social security number on the motion, because she did not charge extra for preparing the motion.

The court finds no merit to either of Mohr's contentions. Contrary to her argument, she engaged in the unauthorized practice of law by obtaining a form that she considered appropriate for Boettcher's motion and providing it to him.[1] Further, she was not exempted from the requirements of § 110(b) and (c) just because no extra fee was charged for the motion.

---

1. This is not the first court to find We the People's scheme unlawful. The court in *Statewide Grievance Committee v. Goldstein,* 1996 WL 753092 (Conn.Super.1996) enjoined its practice, noting:

It is almost rhetorical to reaffirm the principle that the preparation and selection of legal documents constitutes the practice of law.

*Statewide Grievance Committee v. Patton,* 239 Conn. 251, 683 A.2d 1359, *supra; Grievance Committee v. Dacey,* 154 Conn. 129, 140, 222 A.2d 339 (1966). Advertising such services by non-attorneys and soliciting personal information in order to select or prepare legal documents fall under the same prohibition.

## II. Unauthorized Practice of Law

While a federal court has inherent authority to regulate the conduct of all who practice in it, state law is properly considered in determining whether the unauthorized practice of law has occurred in a bankruptcy court. *In re Evans,* 153 B.R. 960, 966 (Bkrtcy.E.D.Pa.1993); *In re Harris,* 152 B.R. 440, 444 (Bkrtcy.W.D.Pa. 1993); *In re Bachmann,* 113 B.R. 769, 772 (Bkrtcy.S.D.Fla.1990). Mohr's conduct constitutes the unauthorized practice of law under both federal and California law.

Under California law, a non-lawyer engages in the unauthorized practice of law when he or she determines for a party the kind of legal document necessary in order to effect the party's purpose. *People v. Landlords Professional Services, Inc.,* 178 Cal.App.3d 68, 223 Cal.Rptr. 483 (1986); *People v. Sipper,* 61 Cal.App.2d Supp. 844, 846 (1943); *In re Glad,* 98 B.R. 976, 977 (9th Cir. BAP 1989); *In re Anderson,* 79 B.R. 482, 484 (Bkrtcy. S.D.Cal.1987). By selecting a form that she thought was appropriate for Boettcher's purposes, Mohr was engaged in the unauthorized practice of law. The fact that the form itself may have been prepared by a lawyer does not change the nature of Mohr's act. Since the attorney who prepared the form was in no way supervising Mohr, her use of the attorney's form was just as unlawful as if Mohr had gone to the courthouse and used a motion to dismiss she found in some file.

At the hearing on the court's order to show cause, Mohr was represented by counsel. He attempted to invoke the provisions of California Business and Professions Code § § 6400 *et seq.* as justifying Mohr's acts. The court finds no merit to this argument for three reasons.

First, the California law may not even be applicable to bankruptcy petition preparers. Section 6401(h) of the Business and Professions Code provides that the law does not apply to a person whose services are regulated by federal law. Petition preparers are regulated by § 110 of the Bankruptcy Code.

Second, § 6401.5 of the Business and Professions Code specifically provides that "[n]othing in this chapter shall be construed to sanction, authorize, or encourage the practice of law by nonlawyers." Nothing in the law purports to overrule prior cases defining the unauthorized practice of law. In fact, sections 6125 and 6126 of the Business and Professions Code, dealing with the unauthorized practice of law, are still on California's books and § 6401.5 further provides that compliance with § 6400 "shall not serve in any way to insulate or immunize any person from prosecution pursuant to Section 6125, 6126, or 6127."

Third, § 6400(g) provides, in pertinent part:

A legal document assistant shall not provide any kind of advice, explanation,

opinion, or recommendation to a consumer about possible legal rights, remedies, defenses, options, *selection of forms,* or strategies. [emphasis added]

Thus, to the extent Business and Professions Code § 6400 is applicable Mohr violated it by selecting a form of motion to dismiss and recommending to Boettcher.

## III. Failure to Identify

As noted above, § 110(b) and (c) of the Bankruptcy Code require a petition preparer to identify himself or herself on any document prepared for filing. Mohr alleges that she did not violate these provisions because she did not charge extra for the motion to dismiss or the motion for continuance. The court does not read the statute in such a disjointed manner.

ction 110(a)(1) defines a bankruptcy petition preparer as a nonlawyer who "prepares for compensation a document for filing." Section 110(a)(2) defines a document for filing as any document prepared for filing by a debtor in bankruptcy court. Mohr admits that she was a bankruptcy petition preparer as to the petition and schedules because she charged for them. However, she argues that she was not a bankruptcy petition preparer as to the motions because she did not charge extra for them. The court does not agree with this strained reading of the Code. Once Mohr prepared the petition for compensation, she became a bankruptcy petition preparer *for the case.* Thereafter, she was required to identify herself in any document she prepared for filing. The mere fact that she allocated her fees to other documents does not mean she could prepare and file a document without identifying herself. The court accordingly finds that Mohr violated § 110(b) and (c).

## IV. Conclusion and Sanctions

■ Pursuant to this court's inherent powers and § 6127 of the California Business and Professions Code, the court finds Mohr in contempt of court for the filing of the motion to dismiss and the motion for a continuance. The court further finds that Mohr violated § 110(a) and § 110(b) of the Bankruptcy Code by failing to identify herself as the person who prepared those motions. Accordingly, the court will assess the following sanctions:

1. Mohr shall pay a fine of $2,000.00 to the Clerk of the Court. Provided, however, that payment of this fine shall be suspended if Mohr provides a competent, licensed attorney to represent Boettcher in his attempt to dismiss his Chapter 7 case at no cost to Boettcher.

2. Mohr will be suspended from acting as a petition preparer and may not charge any debtor or any other person any sum whatsoever for any service related to a bankruptcy filing in any division of the Northern District of California for a period of 90 days from the date of this memorandum. This provision may be modified by any judge of this district on application by Mohr. Any such application shall include a copy of this memorandum.

3. Mohr will be permanently enjoined from obtaining, selecting or recommending any form of pleading on behalf of a debtor from any source, including any form provided by We the People Forms and Service Centers USA, Inc.[2]

A separate order will be entered.

2. It is of course just as unlawful for a nonlawyer to provide bankruptcy schedules to debtors as any other forms; the only legitimate functions a nonlawyer can perform is to type and file forms obtained and completed by debtors. However, since there is no indication that Mohr selected or provided schedules for Boettcher, the court will limit its injunction to pleadings.