**In re Leonard Ford POWELL, Debtor.**

**No. 01–10718.**

United States Bankruptcy Court, N.D. California.

May 7, 2001.

---

Thomas B. Hjerpe, Law Offices of Thomas B. Hjerpe, Eureka, CA, for debtor.

### *Memorandum of Decision*

ALAN JAROSLOVSKY, Bankruptcy Judge.

#### I. Background

The actions of Randy Wilson and Terry L. Clark, doing business as Professional Paralegal Services, constitute a classic example of how bumbling non-lawyers can cause serious problems for their "clients" even in very simple bankruptcy cases.

The matter now before the court has its antecedents in another case, that of Coby and Carmen Dick, No. 00–12130. The court first became aware of the existence of Wilson and Clark when the Dicks sought approval of a reaffirmation agreement with a creditor who held a non-possessory, non-purchase money security interest in some of their household goods. The Dicks had evidently sold some of their household goods at a garage sale and were concerned about the ramifications. Any bankruptcy attorney would have advised the Dicks to wait until after the bar date for filing dischargeability actions to pass

and then seek to avoid the lien. Unfortunately, the Dicks asked Wilson and Clark for advice and, unfortunately, Wilson and Clark felt competent to give it. They advised the Dicks to reaffirm the debt. The reaffirmation agreement was signed six days before the dischargeability deadline and filed the same day as the discharge.

When the court questioned the Dicks about the reaffirmation, it quickly determined that it was not in their best interests to approve it because the creditor's lien was fully avoidable pursuant to § 522(f)(1)(B) of the Bankruptcy Code. Unfortunately, instead of going to a lawyer the Dicks went back to Wilson and Clark who found a form of motion avoiding a lien in a "do-it-yourself" bankruptcy book and prepared and filed a motion on behalf of the Dicks. The motion was not noticed and was not properly served, and was filed two months after the case was closed. It has still never been granted. Nonetheless, for reasons the court still does not fathom, Wilson and Clark decided that they knew how to avoid non-possessory non-purchase money security interests.

In this case, Wilson and Clark advised debtor Leonard Powell that such a motion was necessary and selected the form they used to prepare and file the motion. They again failed to properly serve it. They failed to sign or identify themselves as the preparers of the motion, as required by § 110(b) and (c) of the Bankruptcy Code. They included a notice of hearing, but it was for a date and time when the court was not sitting. The court then ordered them to appear and justify their conduct. They have admitted most or all of the foregoing.

II. Law

■■ A federal court has inherent authority to regulate the conduct of all who practice in it. State law is properly considered in determining whether the unauthorized practice of law has occurred in a bankruptcy court. *In re Evans*, 153 B.R. 960, 966 (Bkrtcy.E.D.Pa.1993); *In re Harris*, 152 B.R. 440, 444 (Bkrtcy.W.D.Pa. 1993); *In re Bachmann*, 113 B.R. 769, 772 (Bkrtcy.S.D.Fla.1990). The conduct of Wilson and Clark constitutes the unauthorized practice of law under both federal and California law.

■■ A non-lawyer engages in the unauthorized practice of law when he or she determines for a party the kind of legal document necessary in order to effect the party's purpose. *People v. Landlords Professional Services, Inc.*, 178 Cal.App.3d 68, 223 Cal.Rptr. 483 (1986); *People v. Sipper*, 61 Cal.App.2d Supp.844, 846, 142 P.2d 960 (1943); *In re Glad*, 98 B.R. 976, 977 (9th Cir. BAP 1989); *In re Anderson*, 79 B.R. 482, 484 (Bkrtcy.S.D.Cal.1987). By selecting a form that they thought was appropriate for Powell's purposes, Wilson and Clark were engaged in the unauthorized practice of law.

IV. Conclusions and Sanctions

■■ Pursuant to this court's inherent powers and § 6127 of the California Business and Professions Code, the court finds Wilson and Clark in contempt of court for the preparation and filing of the debtor's motion to avoid liens in and associated papers in this case. The court further finds that Wilson and Clark violated § 110(b) and § 110(c) of the Bankruptcy Code by failing to identify themselves as the persons who prepared those papers. Belated compliance, after issuance of the court's order to show cause, does not undo the violation. Accordingly, the court will assess the following sanctions:

1. Clark and Wilson shall each pay a fine of $1,000.00 to the Clerk of the Court. Provided, however, that payment of this fine shall be reduced to $500.00 each if

they provide a competent, licensed attorney to represent Powell in his attempt to avoid the lien at no cost to Powell.

2. Clark and Wilson will be suspended from acting as petition preparers and may not charge any debtor or any other person any sum whatsoever for any service related to a bankruptcy filing in any division of the Northern District of California for a period of 90 days from the date of this memorandum. Thereafter, they may act as petition preparers only after the fine set forth in paragraph 1 has been paid.

3. Clark and Wilson will be permanently enjoined from obtaining, selecting or recommending any form of pleading on behalf of a debtor from any source, or giving any debtor any kind of legal advice whatsoever including, but not limited to, advice concerning reaffirmation of debts and avoidance of liens.

A separate order will be entered.