[No. B217038. Second Dist., Div. Three. Mar. 3, 2011.]

In re the Marriage of MARCI and GARY FONG.
MARCI KINGTON, Respondent, v.
GARY FONG, Appellant.

COUNSEL

Casey A. Olsen and Neil A. Olsen for Appellant.

Marci Kington, in pro. per.; and Kendra Thomas for Respondent.

OPINION

**CROSKEY, J.**—Gary Fong appeals an order imposing $200,000 in monetary sanctions against him under Family Code section 2107, subdivision (c)[1] for failure to comply with his disclosure obligations and imposing an additional $100,000 in attorney fees and costs under section 271. He contends Marci Kington is not entitled to an award of monetary sanctions under section 2107, subdivision (c) as a matter of law because she failed to comply with her disclosure obligations. He also contends the trial court failed to consider his ability to pay in awarding attorney fees and costs under section 271, challenges the awards on other grounds, and also contends the failure to issue a statement of decision was reversible error.

We conclude that Marci is not entitled to an award of monetary sanctions under section 2107, subdivision (c) because the statute only authorizes an award in favor of a "complying party," and Marci was not a complying party at the time of her motion because she had failed to comply with her own disclosure obligations. We also conclude that Gary has shown no error in the award of attorney fees and costs under section 271 and that no statement of decision was required. We therefore will affirm the order in part and reverse it in part.

## FACTUAL AND PROCEDURAL BACKGROUND

Gary and Marci separated in March 2002 after five years of marriage. They had no children together.

Marci filed a petition in May 2002 to dissolve the marriage and divide the community property. She did not attempt to list the community property or serve a preliminary declaration of disclosure (§ 2104) at that time, but instead stated that the community's assets and obligations would be determined at the time of trial. Marci served her preliminary declaration of disclosure three years later, on June 1, 2005. Gary filed his response to the petition on June 7, 2005, and served his preliminary declaration of disclosure on June 25, 2005.

[1] All statutory references are to the Family Code unless stated otherwise.

The trial court entered a judgment of dissolution in January 2006, reserving jurisdiction over all other issues. The judgment prohibited the parties from encumbering or transferring any real or personal property, acquired during the marriage and before the separation, in which the community may have an interest without the prior written permission of the other party, excepting only "items of nominal value in the usual course of business or items of a personal nature that would not be considered an asset with a value in excess of $500.00."

Marci commenced a proceeding in British Columbia, Canada, for spousal support and property division in February 2007. She filed a certificate of pending litigation stating that she claimed an interest in several parcels of real property in Canada.

Marci filed a motion in this proceeding in February 2007, seeking (1) a division of the proceeds from the sale of stock; (2) an accounting of rents; (3) an accounting of the proceeds from the refinancing of real property; (4) monetary and nonmonetary sanctions for the misuse of discovery; (5) a stay of further discovery by Gary until he fully complied with all discovery orders; (6) an order prohibiting Gary from encumbering or transferring any real or personal property without her written permission or a court order; (7) an order requiring Gary to sign forms authorizing the release of records by the Canadian banks; and (8) awards of $50,000 in attorney fees and $50,000 in accountant fees. Gary agreed to sign the authorization forms but otherwise opposed the motion.

The trial court filed an order ruling on the motion on March 21, 2007, bifurcating for trial the issue of the characterization of stock; ordering Gary to provide an accounting of rents, including the disposition of those funds; ordering Gary to provide an accounting of all refinancing proceeds on any real property that he owned since the date of marriage; staying any discovery by Gary until he fully complied with all outstanding discovery requests by Marci; prohibiting Gary from encumbering or transferring any real or personal property, except in the usual course of business or for the necessities of life; ordering Gary to sign a form authorizing the release of records by the Canadian banks, subject to a protective order to be agreed to by the parties; and awarding Marci a total of $100,000 in attorney fees and accountant fees, subject to any future reallocation. The court continued the hearing on the requested discovery sanctions.

Gary retained new counsel in April 2007 and filed a motion for reconsideration of the order of March 21, 2007. He stated that he was in the business of real estate investment and that he had recently sold two properties in Canada that he believed were his separate property. He requested that the order be amended to clarify that he was permitted to buy and sell property in the ordinary course of business. Marci opposed the motion. The trial court denied the motion for reconsideration in May 2007. The court also ruled on the motion for discovery sanctions at that time, awarding Marci $5,000 and denying her request for nonmonetary sanctions.

The bifurcated trial on the issue of stock characterization was continued to September 2007 and then taken off calendar. The court later scheduled a trial on the issue of the characterization of three parcels of real property in Canada. The trial on that issue eventually was scheduled to commence on April 21, 2008. Gary served his final declaration of disclosure and income and expense declaration on April 17, 2008.

Gary moved in October 2007 for permission to sell the real property in Canada. Marci opposed the motion. The trial court denied the motion in November 2007.

A bifurcated trial was conducted in April 2008 on the characterization of the real property in Canada. The trial court concluded in its statement of decision that the three parcels of real property in Canada were community assets and that the debt on the properties was community debt. A bifurcated trial on another issue involving the characterization and value of shares of stock was conducted in June 2008. The trial court concluded that the stock was community property.

Marci filed a motion on July 11, 2008, seeking (1) $400,000 in monetary sanctions "to discourage [Gary's] continued breach of his fiduciary duties to Petitioner"; (2) an order staying discovery by Gary until he fully complied with prior court orders; (3) an order directing Gary to instruct the Canadian banks in a conference call with counsel for both parties to produce business records to the court; and (4) $150,000 in attorney fees pursuant to section 271 "for frustrating settlement and causing increased costs of litigation in this matter." She filed declarations by her attorneys in support of her motion.

Marci argued in the motion that Gary had failed to comply with his statutory obligation to disclose his assets and failed to respond to formal discovery, that he produced at trial documents that he had failed to produce before trial despite her prior requests, and that he had failed to comply with prior court orders. She sought $400,000 in monetary sanctions under section 2107, subdivision (c). She also argued that Gary's failure to comply with

court orders to provide discovery, failure to respond to discovery, and making evasive responses to discovery constituted misuses of the discovery process under Code of Civil Procedure section 2023.010 and justified both a stay of Gary's discovery and an award of $150,000 in attorney and accountant fees under Family Code section 271. Her attorney declared that Marci had incurred approximately $350,000 in attorney fees in this proceeding. Gary opposed the motion.

The trial court scheduled an evidentiary hearing on the motion, requested supplemental briefs, and authorized depositions of the parties. The hearing commenced in January 2009, took place on four separate days, and concluded in April 2009. The trial court filed a minute order on April 7, 2009, ruling on the motion. The order states:

"After hearing and review of the pleadings filed herein with respect to Petitioner's Motion for Attorney Fees, Costs and Sanctions, [f]iled July 11, 2009 [*sic*], and heard by this Court on January 23, 2009, February 11, 2009, March 10, 2009, and April 1, 2009, the Court finds and rules as follows:

"The facts and circumstances of this case show that though Respondent has produced voluminous documents to the Petitioner and her counsel over the course of this litigation, Respondent has not provided the documents and information required of him in a complete or timely fashion, without unnecessary delay, as required under the fiduciary duty statutes, and in accordance with *In re Marriage of Brewer and Federici* (2001) 93 Cal.App.4th 1334 [113 Cal.Rptr.2d 849] and *In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470 [64 Cal.Rptr.3d 29]. Respondent herein has been in a superior position to obtain and produce information throughout the pendency of this litigation, and has been under an ongoing obligation to obtain and disclose all such information in a full, complete and timely manner, through formal discovery, court orders, and the disclosure and fiduciary responsibility provisions of the Family Code.

"The conduct of Respondent has not fostered 'full disclosure and cooperative discovery' so as to reduce the adversarial nature of this marital dissolution action and the costs attendant thereto, as set forth in FC Section 2100. Further, Respondent's conduct has served to frustrate any realistic possibility of settlement and discourage cooperation between the parties and counsel.

"Accordingly, the [court] orders sanctions for breach of fiduciary duty by Respondent herein payable to Petitioner in the sum of $200,000, and additional attorney and accountant fees payable to Petitioner pursuant to FC Section 271 in the sum of $100,000." (Some capitalization omitted.)

Gary filed a request for a statement of decision on April 17, 2009, identifying several controverted issues. The trial court denied the request. Gary timely appealed the order of April 7, 2009.

## CONTENTIONS

Gary contends (1) the trial court's failure to issue a statement of decision was reversible error; (2) Marci is not entitled to an award of monetary sanctions under section 2107, subdivision (c) because she failed to comply with her statutory disclosure obligations; (3) the evidence does not support the finding that he failed to fully and timely comply with his disclosure obligations; (4) the award of attorney fees under section 271 was error because the trial court failed to consider Gary's ability to pay, and the award is excessive; (5) the evidence does not support the finding that his conduct frustrated settlement and cooperation between the parties and counsel; and (6) Marci is not entitled to an award of attorney fees and costs under section 271 because her conduct frustrated settlement and cooperation between the parties and counsel.

## DISCUSSION

### 1.  *Marci Is Not Entitled to an Award of Monetary Sanctions Under Section 2107, Subdivision (c)*

■ Gary contends Marci is not entitled to an award of monetary sanctions under section 2107, subdivision (c) because she failed to serve a final declaration of disclosure prior to filing her motion. We agree.[2]

■ Each party to a proceeding for dissolution of marriage or legal separation is required to fully disclose in the early stages of the proceeding all assets and liabilities in which he or she may have an interest, whether community or separate, and must fully disclose his or her income and

---

[2] Marci sought an award of monetary sanctions under section 2107, subdivision (c). She also cited section 1101, subdivision (g) (providing for an award of 50 percent of the value of any asset that is undisclosed or transferred in breach of the fiduciary duty owed to a spouse, plus attorney fees and costs) and Code of Civil Procedure section 2023.010 (describing misuses of the discovery process), but she did not seek an award of monetary sanctions based on either the value of undisclosed or transferred assets (§ 1101, subd. (g)) or the amount of her expenses incurred as a result of a misuse of the discovery process (Code Civ. Proc., § 2023.030, subd. (a)). Moreover, the authorities cited in the trial court's order (*In re Marriage of Feldman, supra*, 153 Cal.App.4th 1470; *In re Marriage of Brewer & Federici, supra*, 93 Cal.App.4th 1334; § 2100) suggest that the court awarded monetary sanctions under section 2107, subdivision (c). We conclude that both the motion for monetary sanctions and the award of monetary sanctions were based on section 2107, subdivision (c). We therefore need not decide whether monetary sanctions could have been awarded under another statute.

expenses. (§ 2100, subd. (c).) In addition, each party has a continuing duty to augment those disclosures immediately and fully upon any material change. (*Ibid.*) These disclosure duties are declared by statute to be fiduciary in nature. (§§ 2102, subds. (a) & (c), 721, subd. (b); see also § 1100, subd. (e).)

Accordingly, each party must serve a preliminary declaration of disclosure and an income and expense declaration and, upon settlement or prior to trial, must serve a final declaration of disclosure and a current income and expense declaration. (§§ 2104, 2105.)

Section 2107 provides remedies for a party's failure to comply with these disclosure requirements. Former section 2107 stated in full as of the date of the challenged order:[3]

"(a) If one party fails to serve on the other party a preliminary declaration of disclosure under Section 2104 or a final declaration of disclosure under Section 2105, or fails to provide the information required in the respective declarations with sufficient particularity, and if the other party has served the respective declaration of disclosure on the noncomplying party, the complying party may, within a reasonable time, request preparation of the appropriate declaration of disclosure or further particularity.

"(b) If the noncomplying party fails to comply with a request under subdivision (a), the complying party may do either or both of the following:

"(1) File a motion to compel a further response.

"(2) File a motion for an order preventing the noncomplying party from presenting evidence on issues that should have been covered in the declaration of disclosure.

"(c) If a party fails to comply with any provision of this chapter, the court shall, in addition to any other remedy provided by law, impose money sanctions against the noncomplying party. Sanctions shall be in an amount sufficient to deter repetition of the conduct or comparable conduct, and shall include reasonable attorney's fees, costs incurred, or both, unless the court finds that the noncomplying party acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

"(d) If a court enters a judgment when the parties have failed to comply with all disclosure requirements of this chapter, the court shall set aside the judgment. The failure to comply with the disclosure requirements does not constitute harmless error.

---

[3] The Legislature amended section 2107 in 2009. (Stats. 2009, ch. 110, § 3.) The 2009 amendments are not pertinent to the issues in this appeal.

"(e) Upon the motion to set aside judgment, the court may order the parties to provide the preliminary and final declarations of disclosure that were exchanged between them. Absent a court order to the contrary, the disclosure declarations shall not be filed with the court and shall be returned to the parties." (Stats. 2001, ch. 703, § 6.)

■ The requirements for an award of monetary sanctions under section 2107, subdivision (c) is a question of statutory construction. Statutory construction is a question of law that we review de novo. (*Barner v. Leeds* (2000) 24 Cal.4th 676, 683 [102 Cal.Rptr.2d 97, 13 P.3d 704].) "Our task in construing a statute is to ascertain the legislative intent so as to effectuate the purpose of law. (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715 [3 Cal.Rptr.3d 623, 74 P.3d 726].) The statutory language ordinarily is the most reliable indicator of legislative intent. (*Ibid.*) We give the words of the statute their ordinary and usual meaning and construe them in the context of the statute as a whole and the entire scheme of law of which it is a part. (*State Farm Mutual Automobile Ins. Co. v. Garamendi* (2004) 32 Cal.4th 1029, 1043 [12 Cal.Rptr.3d 343, 88 P.3d 71].) If the language is clear and a literal construction would not result in absurd consequences that the Legislature did not intend, the plain meaning governs. (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737 [21 Cal.Rptr.3d 676, 101 P.3d 563].) If the language is ambiguous, we may consider a variety of extrinsic aids, including the purpose of the statute, legislative history, and public policy. (*Ibid.*)" (*Mora v. Hollywood Bed & Spring* (2008) 164 Cal.App.4th 1061, 1068–1069 [79 Cal.Rptr.3d 640].)

■ Section 2107, subdivision (a) expressly states that only a "complying party," meaning a party that has served a preliminary or final declaration of disclosure, may request that a "noncomplying party," meaning a party that either has failed to serve the respective declaration of disclosure or has failed to provide the required information with sufficient particularity, prepare or supplement the appropriate declaration of disclosure. Subdivision (b) states that if the noncomplying party fails to comply with a request under subdivision (a), the complying party may either move to compel a further response or move for an order precluding the noncomplying party from presenting evidence on issues that should have been covered in the declaration of disclosure. Thus, only a party that has served a preliminary or final declaration of disclosure is entitled to move for an order compelling a party that has failed to serve the respective declaration, or failed to provide the required information with sufficient particularity, to prepare the appropriate declaration of disclosure or supplement the information provided in the declaration of disclosure. (See *Elden v. Superior Court* (1997) 53 Cal.App.4th 1497, 1510–1511 [62 Cal.Rptr.2d 322].)

■ Section 2107, subdivision (c) states that any party that "fails to comply with any provision of this chapter [(§§ 2100–2113)]" shall be subject to monetary sanctions, unless the court finds that the party acted with substantial justification or that other circumstances make the imposition of monetary sanctions unjust. Although subdivision (c) does not expressly state that only a "complying party" that has served a preliminary or final declaration of disclosure, as appropriate, is entitled to an award of monetary sanctions against a noncomplying party, we conclude that this limitation is implicit in the statute. This is because the remedies provided in subdivision (a) and (b) are expressly limited to a "complying party."

In our view, it would be anomalous for the Legislature to limit the availability of an order compelling disclosure and an order precluding evidence to a party that has served a preliminary or final declaration of disclosure while making the potentially more severe remedy of monetary sanctions "in an amount sufficient to deter repetition of the conduct or comparable conduct" (§ 2107, subd. (c)) available to any party, including a noncomplying party. Requiring a party to serve a preliminary or final declaration of disclosure before seeking any remedy under section 2107, including monetary sanctions, serves the statutory purpose of ensuring that both parties make full and accurate disclosures. (See § 2100, subd. (c).)

■ Accordingly, construing section 2107, subdivision (c) in the context of the statute as a whole, we conclude that only a "complying party," meaning a party that has served a preliminary or final declaration of disclosure, is entitled to seek an award of monetary sanctions against the other party for failure to comply with the applicable disclosure requirements. We note that courts that have considered this issue, albeit in dicta, have interpreted subdivision (c) in this manner. (See *In re Marriage of McLaughlin* (2000) 82 Cal.App.4th 327, 335 [98 Cal.Rptr.2d 136] [stating that the remedies of § 2107, including monetary sanctions, are available only to a "complying party"]; *In re Marriage of Fell* (1997) 55 Cal.App.4th 1058, 1066 [64 Cal.Rptr.2d 522] [same]; *Elden v. Superior Court, supra*, 53 Cal.App.4th at pp. 1510–1511 [same]; see also 3 Hogoboom et al., Cal. Practice Guide: Family Law (The Rutter Group 2010) ¶ 11:102, p. 11-29 (rev. # 1, 2010).)

*In re Marriage of Feldman, supra*, 153 Cal.App.4th 1470, is distinguishable. *Feldman* involved an appeal from an order awarding both monetary sanctions under section 2107, subdivision (c) and attorney fees under section 271. *Feldman* rejected the appellant's argument that an award of monetary sanctions under section 2107, subdivision (c) required a showing of actual harm resulting from the nondisclosure, stating that neither the statutory language nor the purpose of the statute supported such a requirement. (*Feldman, supra*, at pp. 1479–1480.) *Feldman* also rejected the appellant's

argument that monetary sanctions could be awarded under the statute only if the moving party previously had requested the undisclosed information pursuant to section 2107, subdivision (a) and then either (1) moved to compel a further response or (2) moved for an order precluding evidence pursuant to section 2107, subdivision (b). (*Feldman, supra,* at pp. 1480–1481.) *Feldman* stated that the statutory language did not support such a requirement. (*Id.* at p. 1481 & fn. 8.) *Feldman* did not address the question whether only a "complying party" may recover an award of monetary sanctions under section 2107, subdivision (c) and therefore is not on point.

There is no indication in the appellate record that Marci had served a final declaration of disclosure by the date that she filed her motion or that the trial court had relieved her of this requirement for good cause shown (§ 2105, subd. (a)). Marci does not argue on appeal that she served a final declaration of disclosure by then and effectively concedes that she did not. Instead, she argues that Gary cannot argue for the first time on appeal that her failure to comply with the disclosure requirements precludes relief under section 2107, subdivision (c). Marci is correct that Gary failed to raise in the trial court the particular argument that he asserts on appeal.[4] An appellate court, however, has the discretion to consider for the first time on appeal an issue of law based on undisputed facts. (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 24 [44 Cal.Rptr.2d 370, 900 P.2d 619].) We choose to exercise that discretion here.

We conclude that Marci's failure to serve a final declaration of disclosure before filing her motion precludes an award of monetary sanctions under section 2107, subdivision (c), and therefore reverse the award of $200,000 in monetary sanctions.

### 2. *The Award of Attorney Fees and Costs Under Section 271 Was Proper*

■ Section 271 authorizes an award of attorney fees and costs as a sanction for uncooperative conduct that frustrates settlement and increases litigation costs. (*In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1316–1318 [116 Cal.Rptr.3d 375]; *In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1225 [92 Cal.Rptr.3d 17] (*Corona*).) Section 271 states in full:

---

[4] Gary argued at the hearing on the motion for monetary sanctions that Marci's failure to timely serve a preliminary declaration of disclosure precluded relief under section 2107, subdivision (c), despite the fact that she had served a preliminary declaration of disclosure before filing her motion. He did not argue that her failure to serve a final declaration of disclosure before filing her motion precluded an award of monetary sanctions under section 2107, subdivision (c).

"(a) Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed. In order to obtain an award under this section, the party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award.

"(b) An award of attorney's fees and costs as a sanction pursuant to this section shall be imposed only after notice to the party against whom the sanction is proposed to be imposed and opportunity for that party to be heard.

"(c) An award of attorney's fees and costs as a sanction pursuant to this section is payable only from the property or income of the party against whom the sanction is imposed, except that the award may be against the sanctioned party's share of the community property."

We review an award of attorney fees and costs under section 271 for abuse of discretion. (*Corona, supra,* 172 Cal.App.4th at p. 1225.) "Accordingly, we will overturn such an order only if, considering all of the evidence viewed most favorably in its support and indulging all reasonable inferences in its favor, no judge could reasonably make the order. [Citations.]" (*Id.* at pp. 1225–1226.) We review any factual findings made in connection with the award under the substantial evidence standard. (*Id.* at p. 1226.)

Marci argued that Gary's conduct had frustrated settlement and increased the costs of litigation and requested an award of her attorney and accountant fees in the amount of $150,000. The trial court awarded her $100,000 in attorney and accountant fees under section 271.

Gary contends the trial court failed to consider his ability to pay. A court awarding attorney fees and costs as a sanction under section 271 must consider "all evidence concerning the parties' incomes, assets, and liabilities" and must not impose an unreasonable financial burden on the sanctioned party. (*Id.,* subd. (a).) Gary's final declaration of disclosure and income and expense declaration, filed in April 2008, was presented at the hearing on the motion. His disclosed assets included nine rental properties, his personal residence (a ranch), 10 cars, a yacht, savings accounts, gold coins, and other

items. Gary does not cite or discuss this evidence or argue that it is insufficient to justify the amount of the award. Instead, he argues in a conclusory manner and without citing the record that the court failed to consider his ability to pay. We conclude that Gary has not shown that the court failed to consider the evidence in the record and therefore has shown no error on this basis.[5]

Gary also contends the award is excessive in light of the trial court's prior orders awarding Marci a total of $272,500 in attorney fees for various reasons. We note that some of those orders stated that the awards were subject to later reallocation, if appropriate. Gary does not discuss the evidence of his ability to pay and has not shown that the award is excessive in light of that evidence, and therefore has shown no error on this basis.

Gary also argues that the evidence does not support the trial court's finding that his conduct frustrated settlement and cooperation between the parties and counsel. He cites evidence of his informal disclosures and purported cooperation in settlement efforts. In our view, the cited evidence does not compel the conclusion that the court's factual finding was erroneous.

Marci presented evidence that Gary had failed to fully and timely respond to discovery concerning bank records, mortgage loan applications, refinancing, and rental income; failed to cooperate in obtaining bank records directly from the Canadian banks; produced at trial bank records that he had failed to produce in response to discovery requests seeking those records; refinanced community real property on several occasions in violation of a court order; failed to provide an accounting of all rents and refinances and the disposition of those proceeds, as required by the order of March 21, 2007; and attempted to sell real property in Canada in violation of a court order. The trial court reasonably could conclude based on this evidence that Gary's conduct frustrated settlement and cooperation between the parties and counsel and justified an award of attorney fees and costs under section 271.

Finally, Gary argues that the trial court abused its discretion by awarding attorney fees and costs under section 271 to a party whose own conduct had frustrated settlement and cooperation between the parties and counsel. He notes Marci's failure to serve her preliminary declaration of disclosure until more than three years after filing her petition for dissolution, her "unreasonable" settlement proposal, and her filing of a duplicative proceeding in Canada. He argues that the court effectively awarded a noncomplying party for her noncompliance and that this cannot be what the Legislature intended.

---

[5] Gary did not argue in the trial court that the requested amount exceeded his ability to pay. We need not decide whether this prevents Gary from arguing the issue on appeal, but it may explain why the trial court did not discuss at the hearing his ability to pay.

■ The trial court awarded Marci $100,000 in attorney fees and costs under section 271 as a penalty for Gary's noncompliance and uncooperative conduct. As the party in possession of a greater share of the community assets, Gary bore a greater burden of disclosure and fiduciary responsibility with respect to the community assets. Unlike section 2107, subdivision (c), section 271 does not necessarily require that the moving party be in compliance with particular obligations before moving for an award. Although the extent to which the moving party's conduct furthers or frustrates settlement may be an appropriate consideration for a court considering an award under section 271, Gary has not shown that Marci's conduct in these circumstances was so egregious as to compel the conclusion that the award in her favor was unreasonable and an abuse of discretion.

### 3. *Gary Was Not Entitled to a Statement of Decision*

Gary contends the trial court's refusal of his timely request for a statement of decision was reversible error. We conclude that despite his timely request, no statement of decision was required.

■ A court trying a question of fact must issue a statement of decision explaining the factual and legal bases for its decision on the principal controverted issues at trial, upon a timely request by any party appearing at trial. (Code Civ. Proc., § 632.)[6] The statement of decision must be in writing unless the parties appearing at trial agree otherwise or the trial is concluded in less than one calendar day or less than eight hours over more than one day, in which case the statement of decision may be made orally on the record in the presence of the parties. (Code Civ. Proc., § 632.)

■ A statement of decision facilitates appellate review by revealing the bases for the trial court's decision.[7] (*Slavin v. Borinstein* (1994) 25 Cal.App.4th 713, 718 [30 Cal.Rptr.2d 745].) Absent a statement of decision, the reviewing court presumes that the trial court made all factual findings necessary to support the judgment and reviews those implied findings under the substantial evidence rule. (*County of Orange v. Barratt American, Inc.* (2007) 150 Cal.App.4th 420, 437–438 [58 Cal.Rptr.3d 542].) A statement of

---

[6] Code of Civil Procedure section 632 states, in part: "In superior courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required. The court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party appearing at the trial."

[7] A statement of decision " 'also furnishes to the losing party a basis of his motion for a new trial; he is entitled to know the precise facts found by the court before proceeding with his motion for new trial, in order that he may be able to point out with precision the errors of the court in matters either of fact or law. [Citation.]' [Citations.]" (*Whittington v. McKinney* (1991) 234 Cal.App.3d 123, 127 [285 Cal.Rptr. 586].)

decision may reveal that the trial court made factual findings in favor of the prevailing party on some disputed issues but not others, thus depriving the prevailing party of the benefit of inferred findings in its favor. The failure to issue a timely requested statement of decision is reversible error. (*Karlsen v. Superior Court* (2006) 139 Cal.App.4th 1526, 1530–1531 [43 Cal.Rptr.3d 738].)

■ Code of Civil Procedure section 632 requires a statement of decision, if one is timely requested, only "upon *the trial* of a question of fact by the court." (*Ibid.*, italics added.) Section 632 also refers to "the principal controverted issues *at trial*" and "any party appearing at *the trial.*"[8] (Italics added.) These references to "trial" suggest that a statement of decision is required only in the event of a trial, as that term is commonly understood.[9] (*Lien v. Lucky United Properties Investment, Inc.* (2008) 163 Cal.App.4th 620, 623 [77 Cal.Rptr.3d 707] (*Lien*); *People v. Landlords Professional Services, Inc.* (1986) 178 Cal.App.3d 68, 70–72 [223 Cal.Rptr. 483]; see *Waller v. Weston* (1899) 125 Cal. 201, 204 [57 P. 892] [stating that Code Civ. Proc., former § 632 required findings of fact "only upon issues joined by the pleadings under section 590 of the Code of Civil Procedure, where the decision of the court following the findings is a judgment"].) Accordingly, courts have held that a statement of decision ordinarily is not required in connection with a ruling on a motion (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1294 [240 Cal.Rptr. 872, 743 P.2d 932];[10] *Mechanical Contractors Assn. v. Greater Bay Area Assn.* (1998) 66 Cal.App.4th 672, 678 [78 Cal.Rptr.2d 225]), even if the motion involves an extensive evidentiary hearing (*People v. Landlords Professional Services, Inc., supra*, 178 Cal.App.3d at p. 72; *In re Marriage of Simmons* (1975) 49 Cal.App.3d 833, 836 [123 Cal.Rptr. 213]).[11]

---

[8] Code of Civil Procedure section 632 also states that the request for a statement of decision "must be made with 10 days after the court announces a tentative decision unless *the trial* is concluded within one calendar day or in less than eight hours over more than one day . . . ." (Italics added.)

[9] Code of Civil Procedure section 632 applies not only in the event of a trial in an action (see *id.*, § 22), but also a trial in a special proceeding (see *id.*, § 23), such as a hearing on the merits of a petition for writ of mandate. (*Giuffre v. Sparks* (1999) 76 Cal.App.4th 1322, 1326, fn. 3 [91 Cal.Rptr.2d 171].)

[10] "Cases decided under [Code of Civil Procedure] section 632 generally have held that a statement of decision is not required upon decision of a motion. (See, *Lavine* v. *Hospital of the Good Samaritan* (1985) 169 Cal.App.3d 1019, 1026 [215 Cal.Rptr. 708]; *In re Marriage of Simmons* (1975) 49 Cal.App.3d 833, 836 [123 Cal.Rptr. 213] [findings of fact are only required on issues joined by the pleadings where the decision of the court following the findings is a judgment]; 7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 371, pp. 377–378.)" (*Maria P. v. Riles, supra*, 43 Cal.3d at p. 1294.)

[11] Despite this long-standing rule, the Legislature has not amended Code of Civil Procedure section 632 to broaden its reach. The Legislature, however, has expressly required a statement of decision upon request in connection with particular rulings under the Family Code. (E.g.,

*Gruendl v. Oewel Partnership, Inc.* (1997) 55 Cal.App.4th 654 [64 Cal.Rptr.2d 217] (*Gruendl*) recognized an exception to this general rule in certain limited circumstances. That case involved a motion to amend a judgment to add an individual, the appellant, as a judgment debtor based on an alter ego theory. The appellant opposed the motion, arguing that the plaintiff was estopped from alleging an alter ego theory and that the evidence did not establish that he was the alter ego of the named defendants. (*Gruendl, supra,* 55 Cal.App.4th at p. 658.) The trial court concluded that an evidentiary hearing was unnecessary and issued a minute order finding that the appellant was the alter ego of the defendants. The court denied the appellant's request for a statement of decision. (*Ibid.*)

*Gruendl* noted the "general rule" that a statement of decision is not required in connection with the ruling on a motion and the "analogous rule" that a statement of decision is not required in a special proceeding.[12] (*Gruendl, supra,* 55 Cal.App.4th at p. 660.) *Gruendl* stated that the courts had created an exception to the rule with respect to special proceedings based on " 'a balancing of the following factors: (1) the importance of the issues at stake in the proceeding, including the significance of the rights affected and the magnitude of the potential adverse effect on those rights; and (2) whether appellate review can be effectively accomplished even in the absence of express findings.' [Citation.]" (*Ibid.*) *Gruendl* then considered whether to recognize an exception to the general rule with respect to motions.

*Gruendl* stated that the trial court necessarily decided and therefore " 'tried' " questions of fact in ruling on the motion to add a judgment debtor. (*Gruendl, supra,* 55 Cal.App.4th at pp. 660–661.) *Gruendl* also stated that the ruling resulted in the imposition of liability for a substantial monetary judgment, that the trial court would have been obligated to issue a statement of decision if the appellant had been named as an alter ego in the complaint, and that a party faced with such liability on a postjudgment motion should be

§§ 2127 [relief from a judgment adjudicating support or property division], 3022.3 [child custody], 3654 [modification, termination, or setting aside of a support order].)

[12] *Carpenter v. Pacific Mut. Life Ins. Co.* (1937) 10 Cal.2d 307 [74 P.2d 761] held that findings of fact and conclusions of law under Code of Civil Procedure former section 632 were required only in actions and were not required in special proceedings because section 632 is found in part 2 of the Code of Civil Procedure, governing "Civil Actions," while part 3 (commencing with Code Civ. Proc., § 1063) governs "Special Proceedings." (*Carpenter, supra,* at p. 328.) Family Code section 210 now provides that the rules of practice and procedure applicable to civil actions generally, including specifically the provisions of part 2 of the Code of Civil Procedure, also apply to Family Code proceedings. Moreover, Family Code section 2338, subdivision (a) provides, "In a proceeding for dissolution of the marriage or legal separation of the parties, the court shall file its decision and any statement of decision as in other cases."

equally entitled to a statement of decision.[13] (55 Cal.App.4th at p. 661.) *Gruendl* stated further, "a trial court's failure to issue a statement of decision can have a significant adverse effect on that party's ability both to assess whether an appeal is justified and, if an appeal is filed, to present an effective challenge to the trial court's decision," and stated that the absence of express factual findings on the alter ego and estoppel issues "has made appellate review problematic." (*Ibid.*) *Gruendl* therefore concluded that the appellant was entitled to a statement of decision upon his timely request. (*Ibid.*) *Gruendl* did not purport to state a rule of general application, but instead stated "our conclusion is not intended to have application beyond the facts of this particular case." (*Gruendl, supra,* at p. 662.)

Some courts have gleaned from *Gruendl, supra,* 55 Cal.App.4th 654, a rule requiring a statement of decision, upon timely request, upon the ruling on a motion if the court determines based on the two factors enumerated in *Gruendl, supra,* at page 660 (quoted above), that a statement of decision should be required. (*Lien, supra,* 163 Cal.App.4th at p. 623; *City of San Diego v. Rancho Penasquitos Partnership* (2003) 105 Cal.App.4th 1013, 1044–1045 [130 Cal.Rptr.2d 108]; see also *In re Marriage of Askmo* (2000) 85 Cal.App.4th 1032, 1040 [102 Cal.Rptr.2d 662].) We do not believe that *Gruendl* established such a rule. *Gruendl* cited the two-part test relating to special proceedings by analogy and did not hold that the same two-part test applied to the ruling on a motion. (*Gruendl, supra,* 55 Cal.App.4th at pp. 660–661.)

*Gruendl* concluded that a statement of decision was required not only because of the importance of the trial court's ruling to the parties, in light of the amount of the judgment, and the difficulty of appellate review, but also because a statement of decision would have been required if the appellant had been named as a defendant in the complaint. (*Gruendl, supra,* 55 Cal.App.4th at p. 661.) *Gruendl* noted that the plaintiff was aware of the appellant's relationship to the defendants at the time the complaint was filed, and stated that it would be unfair to deprive the appellant of the right to a statement of decision solely because the plaintiff sought to impose alter ego liability by way of a postjudgment motion in lieu of naming the appellant as a defendant in the complaint. (*Ibid.*) In our view, this reasoning was essential to the holding in *Gruendl* and distinguishes that case from the present case. Unlike the motion in *Gruendl*, the motion for attorney fees and costs under section 271 here was not a substitute for the trial of issues that could have been

---

[13] "Had he pleaded alter ego allegations in his complaint, these allegations would have been subjected to the rigors of the trial process and the trial court would have been obligated to set forth its findings on the alter ego issue in a [Code of Civil Procedure] section 632 statement of decision. We believe that a party faced with such liability only after entry of judgment should have no less a right to be apprised of the trial court's reasoning." (*Gruendl, supra,* 55 Cal.App.4th at p. 661.)

raised in the pleadings and as to which the parties, upon timely request, would have been entitled to a statement of decision.

We conclude that *Gruendl, supra*, 55 Cal.App.4th 654 is not on point and that the general rule that no statement of decision is required upon the ruling on a motion should control here. We express no opinion as to the whether the holding in *Gruendl* might apply in other circumstances.

## *DISPOSITION*

The order of April 7, 2009, is affirmed as to the award of $100,000 in attorney fees and costs and reversed as to the award of $200,000 in monetary sanctions. Each party is to bear his or her own costs on appeal.

Klein, P. J., and Aldrich, J., concurred.

A petition for a rehearing was denied April 4, 2011, and the opinion was modified to read as printed above.