Filed 3/23/21  Marriage of Whiteaker CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of TRAVIS WHITEAKER and MICHELLE WHITEAKER. | 2d Civ. No. B303969 (Super. Ct. No. SD042529) (Ventura County) |
| TRAVIS WHITEAKER,<br><br>    Appellant,<br><br>v.<br><br>MICHELLE WHITEAKER,<br><br>    Respondent. | |

Michelle and Travis Whiteaker married in 2005 and divorced in 2012.  Travis left his job in 2019 and requested an order ending his monthly child support payments to Michelle.[1]  A year of contentious litigation resulted in the trial court's deciding

---

[1] We refer to the parties by their first names to avoid confusion.  No disrespect is intended.

that neither spouse would pay support to the other. In so ordering, however, the trial court directed Travis to pay Michelle $50,000 in attorney's fees as sanctions for his misconduct during the proceedings. (Family Code section 271.)[2]

Travis appeals the sanctions order contending it constitutes an unreasonable financial burden. We conclude substantial evidence supports the trial court's orders including the finding that he has sufficient financial resources to pay. We affirm.

FACTUAL BACKGROUND<br>AND PROCEDURAL HISTORY

Michelle and Travis divorced in 2012 after seven years of marriage. During that time Travis served as a deputy with the Los Angeles Sheriff's Department (LASD) and had paid court-ordered child support to Michelle for their three minor daughters.

LASD reassigned Travis to a civilian position in 2016 after he injured his hand on duty. He took a four-month personal leave in 2018 to attend court dates and other appointments related to his ongoing custody dispute with Michelle. When he attempted to return to work, LASD told him his former position was no longer available.

Travis filed a request for order (RFO) seeking to reduce his child support payments to zero because he was no longer employed by LASD. He testified he had recently started a career in real estate using capital invested by his current wife, Elizabeth. He disclosed property interests in several states but purported to make little or no income after deducting business expenses. The matter was heard over two days and included Michelle's request for attorney's fees in excess of $100,000.

The trial court set child support at zero for both parents; and, in a supplemental ruling, granted Michelle's request for

---

[2] Unlabeled statutory references are to the Family Code.

2

attorney's fees under section 271. The court awarded her $50,000 as sanctions for Travis's misconduct during the custody dispute. It also cited Travis's frequent business travel and his payment of $30,000 for a real estate mentor as showing he could "find funds to contribute to [Michelle's] attorney fees."

DISCUSSION

"Section 271 authorizes an award of attorney fees and costs as a sanction for uncooperative conduct that frustrates settlement and increases litigation costs." (*In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 290.) We review sanctions orders under this statute for abuse of discretion. (*In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1478.) "'Accordingly, we will overturn such an order only if, considering all of the evidence viewed most favorably in its support and indulging all reasonable inferences in its favor, no judge could reasonably make the order. [Citations.]'" (*Fong* at p. 291, quoting *In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1225-1226.) We review any factual findings for substantial evidence. (*Ibid.*)

Travis contends the court abused its discretion by ignoring section 271's mandate to "take into consideration all evidence concerning the parties' incomes, assets, and liabilities" before awarding sanctions. The $50,000 fee award, he reasons, rings dissonant to the ruling that lowered his support payment to zero. Travis describes the award as an unreasonable financial burden considering his inability to pay even his own personal expenses. He cites the court's statement that he could "find funds" to pay Michelle's fees as conjecture.

We conclude the trial court did not abuse its discretion. The court's aside that Travis could "find funds" cites to its earlier support ruling. There, it characterized Travis's testimony about his business expenses as lacking clarity, and noted he spent significant time and money on classes, webinars, a personal

3

mentor, as well as on out-of-state travel to view potential properties.  The court reasonably interpreted the incongruence and opacity of Travis's testimony as indicating he could, in fact, bear the burden of a significant sanctions award despite his ostensibly meager income.

Travis does not challenge the basis of the award.  The court's ruling recounts Travis misrepresenting his custody rights, making unfounded allegations of child abuse against Michelle, and criticizing CPS officers who did not agree with those allegations.  The court-assigned child custody evaluator described Travis as a "combative co-parent" whose efforts to alienate his daughters from Michelle were "about as bad as I have seen." Substantial evidence supported the trial court's decision that Travis frustrated settlement and increased the cost of litigation.  The size of the sanctions award, less than half the total requested by Michelle, is commensurate with the pervasive and egregious conduct described by the court.  (See *In re Marriage of Fong*, *supra*, 193 Cal. App.4th at pp. 291-293 [husband's obstruction during discovery justified $100,000 attorney fees award under section 271].)

CONCLUSION

The judgment is affirmed.  Respondent shall recover her costs on appeal.

NOT TO BE PUBLISHED.


                                    PERREN, J.

We concur:



YEGAN, Acting P. J.        TANGEMAN, J.

4

JoAnn Johnson, Judge
Superior Court County of Ventura

_____

Alpert Law Group, Jeffrey Alpert, Dean Asher and Adam Mikaelian, for Appellant.

Negley Law, John J. Negley, Jr. and Michael J. Rutkowski, Jr., for Respondent.