[No. D060557. Fourth Dist., Div. One. Apr. 18, 2013.]

In re the Marriage of TRACY and BUFORD KEITH SIMMONS.
TRACY HOOGENBERG, Respondent, v.
BUFORD KEITH SIMMONS, Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of Factual and Procedural Background parts A., B., C., D., and E., and Discussion parts I. and III.

**Counsel**

Buford Keith Simmons, in pro. per.; and Patrick L. McCrary for Appellant.

Ashworth, Blanchet, Christenson & Kalemkiarian, Sharon Blanchet; and Stephen Temko for Respondent.

**Opinion**

**HALLER, Acting P. J.**—Buford Keith Simmons (Keith) appeals from a judgment in which the court ordered him to pay substantial sanctions to his former wife, Tracy Hoogenberg, for his conduct during the litigation of Tracy's dissolution petition. On appeal, Keith asserts the court erred by ordering sanctions against him under Family Code sections 2107, 271, and

$1101.^{1}$ He also contends the court erred by denying his request for need-based attorney fees from Tracy, and failing to grant a continuance and conducting the second day of trial in his absence.

■ In the published portion of this opinion, we hold the sanction awarded under section 1101, subdivision (h) is statutorily unauthorized. As we shall explain, this statutory remedy applies only to the nondisclosure of a community property asset, and it does not apply to the nondisclosure of a separate property asset, as is the case here. Accordingly, we reverse the portion of the judgment awarding the section 1101 sanction. We remand for the trial court to determine whether to alter the total sanctions awarded under sections 2107 and 271.

In the unpublished portion of this opinion, we reject Keith's other contentions.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties were married in May 2008 and separated one year later in May 2009. They have one child (Child) born in March 2009. On June 3, 2009, Tracy filed a petition for dissolution of their marriage. She requested that the court determine the parties' property rights and award custody of Child to her with visitation to Keith, and that the parties pay their own attorney fees.

What followed was an astoundingly lengthy, circuitous, and expensive course of litigation, particularly given that both parties had substantial financial assets and were married for a very brief time. Tracy had significant investment assets acquired after the death of her first husband. Keith owned a wet suit business in La Jolla with two partners, and he had an ownership interest in a building in La Jolla.

For purposes of the current appeal, the case was finally resolved in July 2011, by which time Tracy had incurred more than $800,000 in attorney fees and costs. In its final decision, the trial court found the protracted litigation was due in large part to Keith's "questionable legal tactics" (including his request to declare the marriage a nullity and failure to respond to discovery) and his hiring and firing of numerous attorneys. To support its sanctions award, the court concluded that Keith had failed to comply with "even the most basic" financial disclosures; filed misleading and delayed disclosures; failed to fully disclose his assets; misused Tracy's computer hard drive to disseminate her e-mails to third parties; failed to respond to discovery requests; failed to appear at his own deposition and trial; and acted intentionally and in bad faith. Based on these findings, the court ordered $150,000 in

---

[1] Subsequent statutory references are to the Family Code unless otherwise specified.

sanctions against Keith under section 2107 for breach of his fiduciary duties of disclosure, and $250,000 in sanctions under section 271 for his uncooperative conduct. Applying the remedy in section 1101, subdivision (h) for the fraudulent failure to disclose, the court also awarded Tracy the $245,850.24 value of Keith's separate property savings account.

On appeal, Keith does not present any developed argument to refute the evidentiary support for the court's findings that he repeatedly breached his fiduciary duties to his former spouse and frustrated a reasonable resolution of the case. His appellate arguments are premised on claims that (1) the sections 2107 and 271 sanctions were inappropriate, excessive, and beyond his ability to pay; (2) the court erred in failing to award him need-based attorney fees under section 2030; (3) the court had no authority to apply the section 1101, subdivision (h) remedy to the nondisclosure of separate property; and (4) the trial court erred in failing to continue the second trial date.

A.–E.[*]

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

DISCUSSION

I.[*]

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

## II. Section 1101, Subdivision (h) Remedy of Value of Undisclosed Asset

Utilizing the remedy set forth in section 1101, subdivision (h) (section 1101(h)), the trial court awarded Tracy the $245,850.24 value of the funds in Keith's Wells Fargo savings account as of August 1, 2010, as a sanction for his failure to disclose this asset. Keith argues (1) the record does not support that he failed to disclose this asset and (2) the statutory remedy set forth in section 1101(h) applies only to community property assets. We reject his first contention, but agree with the second contention.

---

[*]See footnote, *ante*, page 584.

## A. *Keith's Failure to Disclose Funds in Wells Fargo Savings Account*

In his August 4, 2010 income and expense declaration, Keith stated he had $44,530 in his bank accounts (without specifying the accounts).[12] However, his August 2010 Wells Fargo bank statement (which was later obtained by Tracy) shows that his savings account had a balance of $245,850.24 on August 1; $205,850.24 on August 2; and $200,850.24 on August 3, 2010. Based on this evidence, the record supports the trial court's conclusion that Keith did not disclose the money he had in his Wells Fargo savings account.

Noting that the trial court calculated the $245,850.24 value of the account as of August 1, 2010, Keith argues his lower $44,530 valuation in his August 4, 2010 income and expense declaration could have been based on withdrawals he made between August 1 and August 4. The record belies this claim. His August 2010 Wells Fargo bank statement shows that he had a savings account balance of $200,850.24 on August 3, and the next balance entry is $176,544.74 on August 17. Keith has not cited to anything in the record showing he only had $44,530 in his bank accounts as of August 4.

## B. *Section 1101(h) Remedy*

We now turn to the question of whether the section 1101(h) value-of-the-asset remedy can be applied to the nondisclosure of a separate property asset.[13] To place the section 1101(h) remedy in context, we first briefly outline the manner in which the Family Code sets forth spousal duties and remedies for breach of those duties.

---

[12] The trial court's written decision notes that Keith's June 2010 income and expense declaration discloses his Wells Fargo checking account (containing $321,649.49), but his Wells Fargo savings account was not disclosed in both his June and August 2010 income and expense declarations. Although Keith did not list his Wells Fargo savings account in these declarations, it appears from the record that Tracy was aware of its existence because it was referred to during Keith's 2009 deposition and in the July 2010 report from Tracy's accountant. In any event, we construe the court's sanctions award to be premised on his failure to disclose *the funds* in this savings account.

[13] In its written decision after trial, the court issued a ruling confirming the parties' separate property, including: "To [Keith] . . . banking and/or investment accounts in his name." Consistent with this ruling, in her respondent's brief on appeal Tracy does not refute Keith's claim that his Wells Fargo account is his separate property.

In the proceedings before the trial court Tracy did claim a community interest in Keith's wet suit business, and the trial court reserved jurisdiction on this issue. The characterization of the wet suit business as a community or separate property asset is not at issue in this appeal.

### 1. Overview of Family Code Provisions Concerning Spousal Duties and Remedies for Breach

Section 721 (located in a chapter of the Fam. Code entitled "Relation of Husband and Wife") creates a broad fiduciary relationship between spouses in their transactions with each other. This relationship "imposes a duty of the highest good faith and fair dealing on each spouse, and neither shall take any unfair advantage of the other." (§ 721, subd. (b).) It also subjects the relationship to the same rights and duties applied to nonmarital partners under the Corporations Code.[14]

Section 1100 (located in a part of the Fam. Code entitled "Management and Control of *Marital Property*") delineates rules governing a spouse's management of marital property. (Italics added.) It references the section 721 fiduciary relationship and declares it to be operative with respect to the management and control of *community property*, "until such time as the assets and liabilities have been divided by the parties or by a court." (§ 1100, subd. (e).) The section further specifies that the fiduciary duty "includes the obligation to make *full disclosure* to the other spouse of all material facts and information regarding the existence, characterization, and valuation of all assets *in which the community has or may have an interest . . . .*" (*Ibid.*, italics added.)[15]

---

[14] Section 721, subdivision (b) states: "Except as provided in Sections 143, 144, 146, 16040, and 16047 of the Probate Code, in transactions between themselves, a husband and wife are subject to the general rules governing fiduciary relationships which control the actions of persons occupying confidential relations with each other. This confidential relationship imposes a duty of the highest good faith and fair dealing on each spouse, and neither shall take any unfair advantage of the other. This confidential relationship is a fiduciary relationship subject to the same rights and duties of nonmarital business partners, as provided in Sections 16403, 16404, and 16503 of the Corporations Code, including, but not limited to, the following:

"(1) Providing each spouse access at all times to any books kept regarding a transaction for the purposes of inspection and copying.

"(2) Rendering upon request, true and full information of all things affecting any transaction which concerns the community property. Nothing in this section is intended to impose a duty for either spouse to keep detailed books and records of community property transactions.

"(3) Accounting to the spouse, and holding as a trustee, any benefit or profit derived from any transaction by one spouse without the consent of the other spouse which concerns the community property."

[15] Section 1100, subdivision (e) states: "Each spouse shall act with respect to the other spouse in the management and control of the community assets and liabilities in accordance with the general rules governing fiduciary relationships which control the actions of persons having relationships of personal confidence as specified in Section 721, until such time as the assets and liabilities have been divided by the parties or by a court. This duty includes the obligation to make full disclosure to the other spouse of all material facts and information regarding the existence, characterization, and valuation of all assets in which the community has or may have an interest and debts for which the community is or may be liable, and to

Section 1101, which immediately follows section 1100, sets forth remedies for breach of the fiduciary duty between spouses. Section 1101, subdivision (a) provides that a spouse has a claim for breach of the fiduciary duty that results in impairment of the "undivided *one-half interest in the community estate . . . .*" (Italics added.) Section 1101, subdivision (f) states that a spouse may pursue the legal remedies set forth in the section in a legal dissolution action, or independently without filing a dissolution action. Section 1101, subdivisions (g) and (h) delineate two remedies applicable when a spouse breaches the fiduciary duty by transferring or failing to disclose an asset: subdivision (g) allows for an award of 50 percent of the value of the asset, and subdivision (h) allows for an award of 100 percent of the value of the asset if the breach falls within the "oppression, fraud, or malice" referenced in Civil Code section 3294.[16] This part of the Family Code includes two additional sections which set forth rules applicable to the management and control of *community property* when a spouse conveys or encumbers the community property (§ 1102), and when a spouse has a conservator or lacks legal capacity to manage the community property (§ 1103).

In addition to these remedies, the Family Code includes other provisions that allow for sanctions in contexts outside the management and control of marital property.

Section 2107 (set forth in a division of the code entitled "Nullity, Dissolution, and Legal Separation" and a chapter entitled "Disclosure of Assets and Liabilities") allows for sanctions for the failure to comply with the duty of

provide equal access to all information, records, and books that pertain to the value and character of those assets and debts, upon request."

[16] These subdivisions of section 1101 state: "(a) A spouse has a claim against the other spouse for any breach of the fiduciary duty that results in impairment to the claimant spouse's present undivided one-half interest in the community estate, including, but not limited to, a single transaction or a pattern or series of transactions, which transaction or transactions have caused or will cause a detrimental impact to the claimant spouse's undivided one-half interest in the community estate. [¶] . . . [¶]

"(f) Any action may be brought under this section without filing an action for dissolution of marriage, legal separation, or nullity, or may be brought in conjunction with the action or upon the death of a spouse.

"(g) Remedies for breach of the fiduciary duty by one spouse, including those set out in Sections 721 and 1100, shall include, but not be limited to, an award to the other spouse of 50 percent, or an amount equal to 50 percent, of any asset undisclosed or transferred in breach of the fiduciary duty plus attorney's fees and court costs. The value of the asset shall be determined to be its highest value at the date of the breach of the fiduciary duty, the date of the sale or disposition of the asset, or the date of the award by the court.

"(h) Remedies for the breach of the fiduciary duty by one spouse, as set forth in Sections 721 and 1100, when the breach falls within the ambit of Section 3294 of the Civil Code shall include, but not be limited to, an award to the other spouse of 100 percent, or an amount equal to 100 percent, of any asset undisclosed or transferred in breach of the fiduciary duty."

disclosure set forth in the chapter.[17] Section 2100, which precedes section 2107, expressly provides that the duty to disclose during dissolution proceedings applies "regardless of the characterization [of the asset] *as community or separate* . . . ." (§ 2100, subd. (c), italics added.)

Section 271 (contained in a part of the code entitled "Attorney's Fees and Costs") allows for a sanctions award of attorney fees and costs based on conduct that frustrates the policies of settlement, cost reduction, and cooperative resolution of litigation. Section 271, subdivision (c) contemplates an award of section 271 sanctions from either community or separate property, stating: "An award of attorney's fees and costs as a sanction pursuant to this section is payable only *from the property or income of the party against whom the sanction is imposed*, except that the award may be against the sanctioned party's share of the community property."[18]

### 2. *Analysis of Section 1101(h)*

The section 1101(h) provision states: "Remedies for the breach of the fiduciary duty by one spouse, *as set forth in Sections 721 and 1100*, when the breach falls within the ambit of Section 3294 of the Civil Code shall include, but not be limited to, an award to the other spouse of 100 percent, or an amount equal to 100 percent, of *any asset* undisclosed or transferred in breach of the fiduciary duty." (Italics added.)

When interpreting a statute, our goal is to ascertain the legislative intent so as to effectuate the purpose of the statute. (*In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 288 [123 Cal.Rptr.3d 260].) We give the words of the statute their ordinary and usual meaning, and construe them in the context of the statute as a whole. (*Ibid.*)

---

[17] Section 2107, subdivision (c) states: "If a party fails to comply with any provision of this chapter, the court shall, in addition to any other remedy provided by law, impose money sanctions against the noncomplying party. Sanctions shall be in an amount sufficient to deter repetition of the conduct or comparable conduct, and shall include reasonable attorney's fees, costs incurred, or both, unless the court finds that the noncomplying party acted with substantial justification or that other circumstances make the imposition of the sanction unjust."

[18] Section 271 states: "(a) Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed. In order to obtain an award under this section, the party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award."

Facially, section 1101(h) simply refers to nondisclosure of "any asset," and it does not specify whether its remedy is confined to nondisclosure of a community property asset or whether it also applies to nondisclosure of a separate property asset. Neither we nor the parties have found case authority evaluating the issue of whether the section 1101(h) remedy can be applied to separate property.

■ We conclude the Legislature intended that section 1101(h) provide a remedy only when a spouse fails to disclose community property. First, the section 1101(h) remedy is set forth in a portion of the Family Code that *exclusively* concerns matters associated with community property. And section 1101, subdivision (a) specifies that a spouse may raise a breach of fiduciary claim under this section when there is an impairment to the spouse's *community interest*. (See fn. 16, *ante.*) Although section 1101(h)'s use of the term "any asset" can on its face encompass both separate and community property, when read in conjunction with section 1101, subdivision (a)'s statement that a breach of fiduciary claim arises upon an impairment of a community interest, this strongly suggests that "any asset" means any *community* asset.

Second, section 1101, subdivision (f) provides that the section 1101(h) remedy may be pursued in an action even when the parties have not filed for dissolution. The availability of the remedy during the existence of the marriage supports the conclusion the remedy is not intended to extend to separate property, which is generally *not* subject to the control of the nonowner spouse and which typically only becomes relevant upon the filing for dissolution. (§§ 752, 770, subd. (b); see Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2012) ¶ 8:650, p. 8-158.11 (rev. # 1, 2012).)

Third, the Legislature has enacted remedies that are expressly applicable to separate property, including section 271 for uncooperative conduct in dissolution proceedings, and section 2107 for nondisclosure of marital or separate property in dissolution proceedings. The existence of distinct statutory remedies for nondisclosure of separate property assets supports the conclusion a remedy located in a section of the code devoted solely to community property was not designed to apply to separate property.

Fourth, a fundamental principle of family law, including during dissolution proceedings, is that each spouse has a one-half interest in community property. (§ 2550.) The fiduciary duty with respect to marital property is designed, among other things, to preserve that one-half interest. (§ 1101, subd. (a).) Through the enactment of the section 1101 value-of-the-asset remedy, the Legislature has in effect altered the one-half interest community property formula in the event a spouse violates his or duty to preserve the

other spouse's one-half right to the property, by awarding the aggrieved spouse *more* than his or her one-half interest. This one-half interest formula does not apply to separate property; i.e., by its nature separate property is not co-owned by, or divided between, the parties. Because separate property assets are not subject to equal ownership and division between the parties, it follows that the Legislature's alteration of the one-half interest formula was not meant to be applied to nondisclosure of separate property.

Consistent with our interpretation of the statute, appellate court decisions refer to the section 1101 remedies in the context of nondisclosure of community property. (See, e.g., *In re Marriage of Prentis-Margulis & Margulis* (2011) 198 Cal.App.4th 1252, 1279 [130 Cal.Rptr.3d 327]; *In re Marriage of Fossum* (2011) 192 Cal.App.4th 336, 347 [121 Cal.Rptr.3d 195]; *In re Marriage of Rossi* (2001) 90 Cal.App.4th 34, 39–41 [108 Cal.Rptr.2d 270]; *In re Marriage of Hokanson* (1998) 68 Cal.App.4th 987, 992 [80 Cal.Rptr.2d 699].) Likewise, commentators refer to the section 1101 remedies in the context of nondisclosure of community property. (See, e.g., Hogoboom & King, Cal. Practice Guide: Family Law, *supra*, ¶ 8:612, p. 8-158 (rev. # 1, 2012) ["conduct falling below the prescribed fiduciary standards in the management and control of community property subjects the wrongdoing spouse to a statutory breach of fiduciary duty 'claim,' for which the aggrieved spouse is given explicit statutory remedies. [Fam.C. §1101]"].)

■ We note that, when referencing the fiduciary duty statutes that can trigger application of the value-of-the-asset remedy, section 1101(h) refers to two Family Code sections: sections 721 and 1100. Section 1100 is, by its terms, exclusively applicable to the fiduciary duty concerning community property. (§ 1100, subd. (e).) In contrast, the spousal fiduciary duty specified in section 721 is broad enough to encompass the duty to disclose separate property assets during dissolution proceedings. (See *In re Marriage of Walker* (2006) 138 Cal.App.4th 1408, 1419 [42 Cal.Rptr.3d 325]; fn. 14, *ante*.) Nevertheless, when considering the statute as a whole, we do not construe section 1101(h)'s reference to section 721 as reflecting an intent to extend this remedy to nondisclosure of separate property. As set forth above, the statutory context and nature of the section 1101(h) remedy show that the remedy is confined to community property, including the placement of the remedy in a portion of the Family Code dedicated only to community property; the existence of distinct statutory remedies for failures to disclose separate property; and the fact that separate property is not subject to the one-half interest formula that is altered by the section 1101(h) remedy. Given this framework, we are convinced that the reference to the general fiduciary duty statute was not intended to extend the application of the section 1101(h) remedy to reach separate property.

Accordingly, we hold the section 1101(h) remedy does not apply to separate property, and we reverse the portion of the judgment awarding the $245,850.24 value of Keith's separate property Wells Fargo savings account. Because it is not clear whether the court would have awarded greater sanctions under sections 2107 and 271 had it known the section 1101 remedy was not available, we remand the matter to the court to reconsider the issue of sanctions. We express no opinion as to the total amount of sanctions appropriate in this case because this is a matter for the trial court to decide in the sound exercise of its discretion.

### III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

We reverse the portion of the judgment awarding $245,850.24 in sanctions under section 1101(h), and remand to the trial court to determine whether to alter the total sanctions awarded under sections 2107 and 271. In all other respects, the judgment is affirmed.

Parties to pay their own costs on appeal.

O'Rourke, J., and Aaron, J., concurred.

---

*See footnote, *ante*, page 584.