Filed 4/10/15  Rahimzadeh v. Armian CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| NELLIE RAHIMZADEH,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SALEH ARMIAN,<br><br>        Defendant and Appellant. | A142674<br><br>(Contra Costa County<br>Super. Ct. No. MSD1004853) |

In this family law proceeding, defendant Saleh Armian appeals from the trial court's orders denying his motion for a new custody trial and denying his motion to modify the existing custody and visitation orders.  He also appeals from the order denying two motions to compel the production of documents from two court-appointed custody evaluators, as well as the order awarding sanctions against him under Family Code section 271.  We affirm.[1]

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant and plaintiff Nellie Rahimzadeh were married in June 2000.  They separated in September 2010 and a judgment of dissolution was granted on June 24, 2013.  The parties have a son who was born in June 2005.

On June 3, 2013, the Family Court Services Program (FCSP) prepared a report recommending continued psychotherapeutic counseling for the child.  The report also

---

[1] Respondent has not filed a responsive brief.  If a respondent fails to file a response, the appellate court "will decide the appeal on the record, the opening brief, and any oral argument by the appellant."  (Cal. Rules of Court, rule 8.360(c)(5)(A) & (B).)

recommended counseling for defendant, and for plaintiff to temporarily be designated as the child's sole legal custodial parent. The report proposed visitation for defendant be set at twice per week for up to eight hours each week in the continual presence of a court-designated professional supervisor.

On June 7, 2013, the trial court filed an order for supervised visitation for defendant, due to his "alarming behaviors."

On August 21, 2013, a full custody trial was held. The court continued the June 3, 2013 recommendations of the FCSP, including the recommendation for supervised visitation.

On December 23, 2013, defendant filed a request for an order modifying child custody and visitation.

On March 17, 2014, the FCSP completed a status report.

On March 25, 2014, a hearing was held on defendant's request for modification. After both parties were sworn and examined, the court found there was insufficient evidence to show modification of custody would be in the child's best interests. The court also found there was no change in circumstances and no offer of proof that there would be any new information.

On April 23, 2014, the trial court filed its findings and order after hearing. Plaintiff was awarded legal and physical custody of the minor. The court found modification was not in the child's best interests because (1) defendant had refused to execute releases for the FCSP to interview all the contacts necessary to make a determination regarding the best interests of the child, (2) defendant had not paid for the child's therapy with the specified provider as ordered, and (3) there had been no change in circumstances since the August 21, 2013 full custody trial.

On May 22, 2014, defendant filed a motion for modification of the custody and visitation orders issued on April 23, 2014, and for a trial de novo.

On June 11, 2014, defendant filed motions to compel the production of documents as to Randy Kolin and Rhonda B. Barovsky. He also sought sanctions against them. Both Kolin and Barovsky are mental health professionals who were appointed by the trial

2

court under Evidence Code section 730 to conduct custody evaluations in this matter. Defendant's former attorney had issued subpoenas to them on January 17, 2014, more than two months before the March 25, 2014 hearing.

On July 31, 2014, the trial court held a hearing on defendant's custody and visitation motions, after which it entered the following orders: "1) [Defendant's] request for a trial de novo is denied.  The issue is not properly before the Court.  [Defendant] failed to making [sic] the required showing pursuant to [Code of Civil Procedure section] 657.[2]  [¶]  2)  [Defendant's] request for orders modifying the custody and visitation order filed April 23, 2014 is denied.  The Court readopts and reaffirms the Findings and Order After Hearing filed April 23, 2014 and makes a finding that the April 23, 2014 order is a permanent order pursuant to *Montenegro v. Diaz* (2001) 26 Cal.4th 249."[3]   During the hearing, the court explained that defendant had failed to demonstrate compliance with directives set forth in its prior order, including the requirements that he obtain ongoing psychotherapeutic counseling, give releases for the family court services personnel to speak with Barovsky and others, and pay for the child's therapy sessions.

On August 1, 2014, the trial court denied defendant's motions to compel, finding the motions untimely.  The court also granted plaintiff's request for sanctions in the amount of $5,000 under Family Code section 271 and under the discovery statutes for "losing on a discovery request."

Defendant appeals from the orders entered on July 31, 2014, and August 1, 2014.

## DISCUSSION

Defendant initially appears to argue an issue that is not contained within the orders from which he appeals.  He asserts the trial court abused its discretion in awarding plaintiff approximately $154,000 in community funds at a hearing held on June 11, 2014. Since he did not file an appeal from this order, we have no jurisdiction to consider this point.

---

[2] Code of Civil Procedure section 657 states the grounds for new trial.

[3] The trial court also denied plaintiff's motion to have defendant declared a vexatious litigant.

3

Defendant asserts his May 22, 2014 motion for new trial was timely because he had requested a statement of decision as to the April 23, 2014 order, which the trial court did not prepare. He claims the court erred in ruling that his motion for a new trial was untimely because the order was not final.[4] This contention is problematic, partly because defendant spends much of his opening brief arguing that he is entitled to know the basis for the court's imposition of a permanent supervised visitation order in light of the fact that prior allegations of sexual molestation made against him had already been shown to be unfounded. This substantive argument does not address the untimely nature of his motion for new trial.

In particular, we note throughout his opening brief defendant fails to support any of his contentions with citations to the record, in violation of California Rules of Court, rule 8.204(a)(1)(C). For example, while he claims the April 23, 2014 order is not final because the court never issued a statement of decision, there is nothing to indicate he requested a statement of decision. The record does not include a transcript of the March 25, 2014 hearing and the register of actions confirms the hearing was not reported. We have also reviewed the clerk's transcript and are unable to locate any evidence that defendant ever submitted a written request for a statement of decision in connection with this hearing.

---

[4] Code of Civil Procedure section 659, subdivision (a) provides: "The party intending to move for a new trial shall file with the clerk and serve upon each adverse party a notice of his or her intention to move for a new trial, designating the grounds upon which the motion will be made and whether the same will be made upon affidavits or the minutes of the court, or both, either:

"(1) After the decision is rendered and before the entry of judgment.

"(2) Within 15 days of the date of mailing notice of entry of judgment by the clerk of the court pursuant to Section 664.5, or service upon him or her by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest; provided, that upon the filing of the first notice of intention to move for a new trial by a party, each other party shall have 15 days after the service of that notice upon him or her to file and serve a notice of intention to move for a new trial."

4

We emphasize that it is not the function of this court to comb through the appellate record to substantiate a party's contentions: " 'The appellate court is not required to search the record on its own seeking error.' [Citation.] Thus, '[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]' [Citations.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) Apart from relying on the absence of a statement of decision, defendant offers no grounds to support a finding that his new trial motion was timely. Accordingly, we find no error.

We also conclude the court did not err in denying defendant's motion to modify custody and visitation. " 'The standard of appellate review of custody and visitation orders is the deferential abuse of discretion test.' [Citation.] Under this test, we must uphold the trial court 'ruling if it is correct on any basis, regardless of whether such basis was actually invoked.' [Citation.]" (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255 (*Montenegro*).) Defendant contends in denying his motion for modification, the trial court misconstrued *Montenegro* by invoking changed circumstances instead of the best interests of the child standard. He fails to apprehend the actual holding of that case.

The specific holding of *Montenegro* is "that a stipulated custody order is a final judicial custody determination for purposes of the changed circumstance rule *only if* there is a clear, affirmative indication the parties intended such a result." (*Montenegro*, *supra*, 26 Cal.4th at p. 258, italics added.) In its opinion, the Supreme Court reaffirmed its holding in *Burchard v. Garay* (1986) 42 Cal.3d 531, 535, that the changed circumstance rule applies to motions for modification " 'whenever [final] custody has been established by judicial decree.' [Citation]." (*Montenegro*, at p. 256.) The instant case does not concern stipulated custody orders, and the trial court here explicitly found the April 23, 2014 order was a final custody determination. Defendant does not dispute that finding. Accordingly, the court correctly applied the changed circumstances standard to defendant's modification motion.

As to the denial of his motion to compel, defendant asserts the court abused its discretion by allowing plaintiff's attorney to appear and argue, because the attorney did

not represent either Barovsky or Kolin. He also asserts the court erred in denying his motions for sanctions against the two evaluators because they had "deliberately disobeyed a Court order." He further contends the court abused its discretion in awarding plaintiff $5,000 in sanctions relating to his motion.

The trial court found the motions to compel to be untimely. The court noted the custody trial had already occurred and no hearing was currently pending. Further, the motions were late because they should have been filed within 60 days of Barovsky's and Kolin's initial refusals to comply with the January 17, 2014 subpoenas. For this reason, defendant's request for sanctions was also untimely.

Defendant's brief fails to offer any cogent legal argument supporting a finding of error as to the trial court's denial of the motion to compel discovery and the court's decision to impose sanctions against him. Because he has failed to support his contentions with " 'reasoned argument and citations to authority, we treat the point[s] as waived. [Citations.]' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862; see *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived."]; Cal. Rules of Court, rule 8.204(a)(1)(B).)

In any event, we note the purpose of Family Code section 271[5] is " 'to promote settlement and to encourage cooperation which will reduce the cost of litigation.' [Citation.]" (*In re Marriage of Petropoulos* (2001) 91 Cal.App.4th 161, 177. "We

---

[5] Family Code section 271, subdivision (a) provides: "Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed. In order to obtain an award under this section, the party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award."

review an award of attorney fees and costs under section 271 for abuse of discretion. [Citation.] 'Accordingly, we will overturn such an order only if, considering all of the evidence viewed most favorably in its support and indulging all reasonable inferences in its favor, no judge could reasonably make the order. [Citations.]' [Citation.] We review any factual findings made in connection with the award under the substantial evidence standard. [Citation.]" (*In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 291.)

We concur with the lower court's view that the motions to compel were procedurally unsound, having been brought after the custody trial had concluded. Further, defendant failed to remove the motions from the calendar following the denial of his motions for new trial and modification of custody. We thus conclude the court did not abuse its discretion in awarding sanctions.

## DISPOSITION

The orders are affirmed.

_____
Dondero, J.

We concur:

_____
Humes, P.J.

_____
Banke, J.

7