Filed 7/23/25  Manwiller v. Advantage Sales & Marketing CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| ERIN MANWILLER, | |
| Plaintiff and Respondent, | G064425 |
| v. | (Super. Ct. No. 30-2023-01324021) |
| ADVANTAGE SALES & MARKETING LLC, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Thomas S. McConville, Judge. Affirmed.

Littler Mendelson, Fermin H. Llaguno, Nolan McCready and Kimberly M. Shappley for Defendant and Appellant.

Diefer Law Group, Omri A. Ben-Ari; Nathan & Associates and Reuben D. Nathan for Plaintiff and Respondent.

Advantage Sales & Marketing LLC challenges the trial court's denial of its motion to compel arbitration under the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.).[1] The trial court concluded that because respondent Erin Manwiller asserted sexual harassment, among other claims, the entire case was shielded from compelled arbitration by the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (EFAA; Pub.L. No. 117-90 (Mar. 3, 2022) 136 Stat. 26). Advantage contends the EFAA exempts only the claims pertaining to sexual harassment—not the entire case—from arbitration.

Like nearly every court to address the issue, we conclude that the EFAA, by its plain terms, protects the entire case from forced arbitration. Accordingly, we affirm the trial court's order.

FACTS

Advantage hired Manwiller in July 2022. As part of her onboarding process, Manwiller signed an arbitration agreement requiring arbitration of any claims between the parties. Advantage fired Manwiller a few months later.

Manwiller and a former coworker filed a complaint against Advantage. Manwiller alleged sexual harassment and related claims. And both she and the coworker asserted various other claims, including jointly alleged, individual wage and hour claims. The coworker ultimately dismissed his case.

Advantage moved to compel arbitration under the FAA. While conceding that the EFAA exempted Manwiller's sexual harassment-related claims from compelled arbitration, Advantage contended the arbitration

---

[1] Undesignated statutory references are to Title 9 of the United States Code.

agreement remained enforceable as to all other claims. In her opposition, Manwiller asserted the EFAA's protection extended to the entire case whenever sexual harassment allegations are present, not merely to the harassment-related claims.

The trial court agreed with Manwiller and denied the motion to compel arbitration. Pointing to the EFAA's language, the court concluded the statute applied to "'a case'" relating to allegations of sexual assault or harassment.

DISCUSSION

Advantage claims the FAA requires Manwiller to arbitrate most of her claims: those not pertaining to sexual harassment. It contends the EFAA protects only sexual-harassment claims from compelled arbitration, not the entire case. We disagree because the statute expressly shields the "case"—not individual claims—from forced arbitration.

We review questions of statutory interpretation de novo. (*In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 288.) In interpreting a federal statute, "[o]ur primary function is to give effect to Congress's intent." (*Black v. Department of Mental Health* (2000) 83 Cal.App.4th 739, 747.) If the statutory language is plain when read in context, "we must enforce it according to its terms." (*King v. Burwell* (2015) 576 U.S. 473, 486.)

The FAA generally requires courts to treat qualifying arbitration agreements as valid and enforceable. (§ 2.) "Historically, courts have broadly applied the FAA's mandate to enforce arbitration agreements, explaining that ""[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."""" (*Doe v. Second Street Corp.* (2024) 105 Cal.App.5th 552, 564 (*Doe*).)

In 2022, Congress amended the FAA by adopting the EFAA. The EFAA provides that notwithstanding any provision of the FAA, "no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which . . . relates to [a] sexual assault dispute or [a] sexual harassment dispute."[2] (§ 402(a).) The EFAA applies "with respect to any dispute or claim that arises or accrues on or after [March 3, 2022]." (Pub.L. No. 117-90, § 3 (Mar. 3, 2022), 136 Stat. 26, 28.)

Nearly every court to consider the issue has held that the EFAA renders a predispute arbitration agreement invalid as to an entire action relating to sexual assault or harassment disputes, including claims asserting other harms. The cases are legion. (E.g., *Casey v. Superior Court* (2025) 108 Cal.App.5th 575, 588; *Liu v. Miniso Depot CA, Inc.* (2024) 105 Cal.App.5th 791, 795 (*Liu*); *Doe, supra*, 105 Cal.App.5th at p. 560; *Ruiz v. Butts Foods, L.P.* (Tenn. Ct. App. 2025) ___ S.W.3d ___ [2025 WL 1099966, at *12]; *Bray v. Rhythm Management Group, LLC* (D. Md., Sept. 24, 2024, No. CV TDC-23-3142) 2024 WL 4278989, at *8; *Johnson v. Everyrealm, Inc.* (S.D.N.Y. 2023) 657 F.Supp.3d 535, 539 (*Johnson*).)

The courts have generally reasoned: (1) the statute's plain language explicitly addresses a "case" relating to a sexual assault or harassment dispute; (2) the word "case" refers to the action as a whole under accepted legal definitions; (3) Congress's intentional distinction between "case" and "claim" is evident from its use of "claim" when setting the statute's effective date; and (4) the EFAA's direct amendment of the FAA shows Congress's intent to override the FAA's general principle requiring claim-by-

---

[2] A "'sexual harassment dispute'" is "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." (§ 401(4).)

claim arbitrability determinations. (E.g., *Doe, supra*, 105 Cal.App.5th at pp. 574–577; *Ruiz v. Butts Foods, L.P., supra*, ___ S.W.3d at p. ___ [2025 WL 1099966, at pp. *11–*12]; *Johnson, supra*, 657 F.Supp.3d at p. 539.) We find this analysis persuasive.

Advantage cites a single district court opinion reaching a contrary conclusion: *Mera v. SA Hospitality Group, LLC* (S.D.N.Y. 2023) 675 F.Supp.3d 442 (*Mera*).[3] The court held that under the EFAA, an arbitration agreement is unenforceable "only to the extent that the case . . . 'relates to' the sexual harassment dispute." (*Id.* at 447.)

*Mera*'s holding reveals its unsound textual basis. The statute provides that an arbitration agreement is unenforceable as to "a case which . . . relates to" a sexual assault or harassment dispute. (§ 402(a).) "[T]he *Mera* court in effect added 'to the extent' to the statutory language, which contravenes the rules of statutory construction." (*Liu, supra*, 105 Cal.App.5th at p. 806; accord, *Diaz-Roa v. Hermes Law, P.C.* (S.D.N.Y. 2024) 757

---

[3] Advantage wrongly cites two other cases for the proposition that the EFAA applies only to sexual assault or harassment claims. The first reached the opposite conclusion, stating that "as long as a claim of sexual harassment pends in a case, the EFAA, by its terms, blocks arbitration of the entire 'case' containing that claim." (*Yost v. Everyrealm, Inc.* (S.D.N.Y. 2023) 657 F.Supp.3d 563 586.) The second did not involve the question because the court there concluded that none of the plaintiff's claims were subject to the EFAA. (*Dixon v. Dollar Tree Stores, Inc.* (W.D.N.Y., Mar. 7, 2023, No. 22-CV-131S) 2023 WL 2388504, p. *7.)

F.Supp.3d 498, 532, fn. 9 [*Mera*'s approach "is antithetical to the language of the EFAA"].) We therefore will not follow *Mera*.[4]

We reject Advantage's argument that we must construe the EFAA narrowly in light of the FAA's purpose favoring liberal enforcement of arbitration agreements. It is true that courts will usually read an ambiguous exception narrowly to preserve the primary operation of the general rule. (*C.I.R. v. Clark* (1989) 489 U.S. 726, 739.) But the EFAA's language is clear—not ambiguous—and Advantage advocates for a rewriting of the statute—not a narrow construction. As the courts have noted, Congress's election to amend the FAA through the EFAA reflects its intention to override the FAA's general mandate.[5] (E.g., *Doe, supra*, 105 Cal.App.5th at pp. 575, 577.)

For the same reason, we decline Advantage's invitation to consider the extent to which each of Manwiller's claims relates to the sexual harassment dispute. The EFAA includes a qualified rejection of "the FAA's background principle that, in cases involving both arbitrable and non-arbitrable claims, 'the former must be sent to arbitration even if this will lead to piecemeal litigation.'" (*Johnson, supra*, 657 F.Supp.3d at p. 560.) Congress

---

[4] In urging us to follow *Mera*, Advantage noted at oral argument that the non-sexual harassment claims there were representative wage and hour claims brought on behalf of a class, not individual claims. (*Mera, supra*, 675 F.Supp.3d at p. 447.) Whatever effect that distinction might have on the EFAA's application, it is irrelevant here: Manwiller asserted only individual claims. Her coworker initially also asserted individual claims but ultimately dismissed them. We express no opinion on the EFAA's application to representative claims or claims by parties not alleging sexual assault or harassment.

[5] Because the plain language of the EFAA dictates the result, we need not consider Advantage's references to the statements of two senators before the statute's enactment. (*N.L.R.B. v. SW General, Inc.* (2017) 580 U.S. 288, 305 [no need to consider legislative history if statute's text is clear].)

reasonably decided against splitting cases involving sexual harassment between courts and arbitration: "Allowing a [sexual harassment] plaintiff . . . to opt out of arbitration for their entire case avoids the potential for inefficiency in having separate proceedings in court and an arbitration forum, and the related additional burden placed on the parties . . . . In addition, having a clear-cut rule that can be easily applied allows courts to avoid making the sometimes-difficult determination, particularly at the pleading stage, whether a given claim sufficiently overlaps with allegations of sexual harassment." (*Liu, supra*, 105 Cal.App.5th at p. 804.) Based on the EFAA's language, it is enough that the *case* relates to that dispute. (§ 402(a).)

We are also unpersuaded by Advantage's suggestion that applying the EFAA to the entire case would incentivize litigants to add "'bogus'" sexual harassment claims to avoid arbitration of other claims. This concern, while understandable, does not warrant judicial revision of an unambiguous statute.

Initially, courts routinely address frivolous claims through existing procedural safeguards. In California, Code of Civil Procedure section 128.7, subdivision (b), requires attorneys and unrepresented parties to certify that their pleadings have factual and legal merit. Violation of this certification can lead to sanctions. (*Id.*, § 128.7, subd. (c).) Other jurisdictions have similar protections. (E.g., Fed. Rules Civ. Proc., rule 11, 28 U.S.C.)

More importantly, even compelling policy concerns cannot justify departing from a statute's plain meaning. (*Sandoz Inc. v. Amgen Inc.* (2017) 582 U.S. 1, 21.) Because the EFAA unambiguously protects the entire case from forced arbitration, the trial court correctly denied Advantage's motion to compel arbitration.

## DISPOSITION

The trial court's order is affirmed. Manwiller is awarded costs on appeal.


SCOTT, J.

WE CONCUR:


MOORE, ACTING P.J.


SANCHEZ, J.