Filed 6/11/26  Marriage of Peters and Umubyeyi CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| In re the Marriage of UBONG PETERS and DIANE UMUBYEYI. | C102582 |
| UBONG PETERS,<br>        Appellant,<br><br>        v.<br><br>DIANE UMUBYEYI,<br>        Respondent. | (Super. Ct. No. STAFLDWC20230000584) |

In this dissolution of marriage action, Ubong Peters (husband) appeals from an order awarding Diane Rutaremara Umubyeyi (wife) $7,500 in sanctions under Family Code section 271.[1]  Husband has elected to proceed on a clerk's transcript (Cal. Rules of Court, rule 8.121) and the appellate record does not include a reporter's transcript.  This is referred to as a "judgment roll" appeal.  (*Estate of Kievernagel* (2008) 166 Cal.App.4th 1024, 1031.)  Finding no error on the face of the record, we will affirm the family court's order.

---

[1] Undesignated statutory references are to the Family Code.

1

BACKGROUND

In February 2023, husband filed a petition for dissolution of marriage and custody of the couple's child. During the proceedings, the parties agreed to mother's temporary control of the marital home, and the family court issued an order adopting their stipulation. At a settlement conference in January 2024, the family court ordered that the stipulation and order remain in full effect for a period of 12 months. Husband moved to reconsider that order on January 29, 2024, and filed a similar motion on February 5, 2024. The family court vacated the order but set the matter for hearing.

Wife did not oppose the request to vacate the order granting her temporary exclusive possession of the marital home because she had arranged separate housing; but she requested $7,500 in sanctions under section 271. She claimed that husband had been "drowning [her] in unnecessary litigation" by, among other things, filing the same motion twice and filing five emergency requests for sole custody to "litigate [her] into permanent poverty." Wife also claimed that husband had an ability to pay because he had employment income of $20,000 per month. On March 28, 2024, husband filed an income and expense declaration with some supporting documentation, claiming significant employment income and expenses.

At a hearing on April 3, 2024, the family court found that husband had an ability to pay sanctions in the amount of $7,500, granted mother's request for sanctions, and set the matter for a court trial and settlement conference on the issue of the date of separation.

In husband's trial brief, filed in propria persona, he denied having the ability to pay the sanctions and asked that the family court set aside the sanctions order. He argued, among other things, that because wife did not oppose his request to vacate the order granting her temporary possession of the marital home, he did nothing to frustrate settlement of a material issue.

The family court heard oral argument on the request to set aside the sanctions order and denied the request, stating in the minutes that husband "was frustrating the settlement of a material issue by his motion to set aside the court's move-out order" and "was engaging in behavior that unnecessarily increased the cost of ligation and has done so throughout this case." The family court also mentioned that husband had filed applications for green cards for himself and wife without advising her, and stated in the minutes: "This Court is not pleased and sees this as a pattern, where [husband] does whatever he wants, then tries to explain or justify his actions after the fact." The family court noted it had previously found that husband had the ability to pay.

In designating the record on appeal, husband elected to proceed without a recording of the oral proceedings.[2] Wife did not file a respondent's brief conforming to the requirements of the rules of court.

---

[2] Husband claims that the family court refused to release recordings of the hearings at issue in January, April, and September 2024. But he misinterprets the Superior Court of San Joaquin County, Local Rules, rule 1-113 and Government Code section 69957. Neither state that the family court is required to provide a litigant with recordings of proceedings. Rather, they state that if an official reporter is unavailable, the court may order electronic recording of the proceedings, and the parties may request that transcripts be prepared from the recordings. The Superior Court of San Joaquin County, Local Rules, rule 1-113 further provides that the parties may contact the records management division to obtain a transcript from the electronic recording, and the requesting party will be responsible for all associated fees and costs to obtain the transcript. (See Cal. Rules of Court, rule 2.952(j)(2) [requiring an appellant to file directions with the clerk indicating the portions of the record to be transcribed, and to deposit with the court the approximate cost for preparing the transcript].) There is no indication that husband paid or offered to pay for electronic transcripts. He cites no authority, and we are not aware of any, establishing that he is entitled to copies of the recordings. Rule 2.952(j)(1) of the California Rules of Court indicates that electronic recordings may be transmitted as the record of oral proceedings on appeal without being transcribed, but only "[o]n stipulation of the parties approved by the reviewing court." Here there is no indication of such a stipulation or approval from the reviewing court.

DISCUSSION

The only contention separately set forth in a heading of husband's appellate opening brief, as required by the rules of court, is the assertion that the evidence does not support a finding that he frustrated settlement or failed to cooperate.

The party challenging the judgment bears the burden to provide an adequate record on appeal to assess claims of error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) " 'In a judgment roll appeal every presumption is in favor of the validity of the judgment and any condition of facts consistent with its validity will be presumed to have existed rather than one which will defeat it. [Citation.] The sufficiency of the evidence to support the findings is not open to review." (*Estate of Kievernagel, supra*, 166 Cal.App.4th at p. 1031; see also *Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154 (*Ehrler*).)

"Section 271 authorizes an award of attorney fees and costs as a sanction for uncooperative conduct that frustrates settlement and increases litigation costs." (*In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 290.) "The policy of the law is to promote settlement and to encourage cooperation which will reduce the cost of litigation. [Citation.] But the sanction must be scaled to the payor's ability to pay and must be made in light of both parties' financial circumstances." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 827-828.)

---

Husband also briefly asserts that the family court should have posted a notice outside the courtroom stating that it would not release recordings of the proceedings. The rules he cites, the Superior Court of San Joaquin County, Local Rules, rule 1-113(B) and Government Code section 69957, subdivision (b), apply where a court electronically records proceedings for the monitoring of the performance of "subordinate judicial officers." There is no indication that any such monitoring occurred in this case, and in any event, both rules state that the recording shall only be used for the monitoring of performance and shall not be publicly available.

Here, husband did not obtain transcripts of the family court proceedings and elected to proceed without them. Thus, it is unclear what oral findings the family court may have made regarding husband's frustration of settlement or increase in litigation costs. Because husband chose to proceed on a judgment roll, on this record we must presume the family court's rulings are correct (See *Estate of Kievernagel, supra*, 166 Cal.App.4th at p. 1031), and we must conclusively presume the evidence was sufficient to sustain the family court's findings. (See *Ehrler, supra*, 126 Cal.App.3d at p. 154.) Finding no error on the face of the record, we will affirm the family court's order.

DISPOSITION

The family court's order is affirmed.

/S/
MAURO, J.

We concur:

/S/
EARL, P. J.

/S/
ROBIE, J.